## BUIE v. COUCH.

No. 2082.

Court of Civil Appeals of Texas. Waco.

March 9, 1939.

Rehearing Denied March 30, 1939.

R. A. Kilpatrick, of Cleburne, for appellant.

Penn J. Jackson and Roy Anderson, both of Cleburne, and Davis & Davis, of Haskell, for appellee.

ALEXANDER, Justice.

This suit was brought by R. C. Couch against J. C. Buie to recover on a promissory note and to foreclose a pledgee's lien on 70 shares of corporate stock. The plaintiff also sought judgment against the defendant for alleged fraudulent conversion of the assets of the corporation but later abandoned this feature of the case,

and consequently we need not consider it further. A trial before a jury resulted in judgment for plaintiff for his debt, with foreclosure of his lien on the corporate stock. The defendant appealed.

The only material question to be determined is whether or not plaintiff's cause of action was barred by the four year statute of limitation. The note sued on was due January 1, 1930. The suit was filed December 29, 1933, but citation was not served until September 10, 1934. It is appellant's contention that the appellee was negligent in failing to secure service of citation within a reasonable time after the expiration of the four year period, and that as a consequence, the cause was barred by limitation.

The suit was originally filed in Haskell county but was later transferred to Johnson county, the county of defendant's residence, on plea of privilege. After the suit was filed on December 29, 1933, the next term of court to convene was the January term, which convened on January 1, 1934. There was another term of said court which convened on April 16, 1934, and another September 24, 1934. Plaintiff's attorney testified he knew where the defendant resided; that when he filed the suit he requested the clerk to issue citation to Johnson county; that he did not discover that citation had not been issued until the cause was called for trial on appearance day at the April term, when he thereupon again requested the clerk to issue citation. He admitted, on cross-examination, however, that he had no independent recollection whatever about the matter, and that he was merely testifying from custom; that it was his custom when he filed suit to request issuance of citation, and if at the next term it was found that citation had not been issued to again request the issuance thereof. The clerk testified that she had no recollection of the matter whatever. Apparently, plaintiff's attorney made no inquiry after the appearance day of the April term to ascertain whether or not citation had been issued or served. There is no evidence of any effort whatever on his part to have citation issued after that date. Citation was prepared and signed by the clerk on August 7, 1934, but was not forwarded to Johnson county for service until September 7, 1934. When it was so forwarded, it was promptly served on September 10, 1934. The plaintiff testified that he sent it to the sheriff of Johnson county, but the record does not show when it was delivered to him.

■■ Revised Statutes, art. 5527, provides: "There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court * * * for debt where the indebtedness is evidenced by or founded upon any contract in writing." The object of this statute in requiring suits to be filed and prosecuted within a fixed time is not only to require plaintiff to definitely commit himself as to whether he intends to demand satisfaction of his claim but to advise the defendant thereof in order that he may prepare his defense and preserve his evidence in support thereof before the evidence is lost by the lapse of time. Notice to the defendant is therefore of vital importance, for otherwise receipts and other physical evidence might be destroyed, or his witnesses might die, or their memories fail before he had notice of the necessity of preserving the testimony. This object is not accomplished by the mere filing of the suit. The plaintiff must not only file the suit within the statutory period, but it is said that "there must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served." Austin v. Proctor, Tex.Civ.App., 291 S.W. 702, 703, par. 3, and authorities there cited; 28 Tex.Jur. 193; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. It is said that the duty to obtain service within a reasonable time is a continuing one, Austin v. Proctor, Tex.Civ.App., 291 S.W. 702, par. 4, and while ordinarily a plaintiff may rely on the clerk to perform his official duty of issuing the citation, yet when he learns, or by the exercise of reasonable diligence should learn, that the clerk has failed to do so, it is then encumbent on him to see that it is done. Wood v. Gulf C. & S. F. R. Co., 15 Tex.Civ.App. 322, 40 S.W. 24, 25; Ferguson v. Estes & Alexander, Tex.Civ. App., 214 S.W. 465.

■ In the case at bar, if it be conceded that plaintiff's attorney had a right to assume that the clerk would perform her duty and issue the citation immediately upon the filing of the suit and that he was not negligent in failing to discover that she had not so performed her duty prior to the April term, yet it appears without dispute that after he had learned

that citation had not been promptly issued and served, he negligently failed to cause same to issue within a reasonable time thereafter and was also negligent in failing to have same served within a reasonable time after it had been prepared and signed by the clerk. He says that when he learned at the April term that citation had not been issued as previously requested, he again requested the clerk to issue it, but does not appear to have pursued the matter any further. When he learned that the clerk had delayed performing her duty for a period of three months, he was thereby warned of the necessity of pursuing the matter more diligently. The evidence shows that he officed at the county seat where the suit was pending, and was at the courthouse on an average of five times a week, yet he wholly failed, for a period of over sixteen weeks, to make inquiry to ascertain whether or not the clerk had prepared the citation. Moreover, after the citation had been prepared and signed on August 7th, he delayed for one full month to send it to Johnson county for service. Such conduct on his part, without any excuse therefor, is wholly inconsistent with due diligence and constitutes negligence as a matter of law. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645; Ferguson v. Estes & Alexander, Tex.Civ.App., 214 S.W. 465; Austin v. Proctor, Tex.Civ.App., 291 S. W. 702.

The judgment of the trial court is reversed and judgment is here rendered that the plaintiff take nothing.