## HITT v. BELL.
### No. 8965.

Court of Civil Appeals of Texas. Austin.

June 5, 1940.

in Brown County, and the other in Tom Green County. The petition alleged that appellant, the other defendant, resided in Howard County, and citation issued to that county, but was mailed to Big Lake in Reagan County, and there served upon appellant by a Reagan County officer, who returned it to the County Court of Brown County. No answer was filed by any of the defendants. In February, 1936, the plaintiff Bell took default judgment against all defendants, execution was issued, the judgment abstracted, and an abstract thereof filed in Reagan County, where appellant resided. After this was done, and within six months after the entry of that judgment, Hitt prosecuted a writ of error to this court, and we reversed said judgment as to him only because as to him the judgment was void for lack of service. See Tex.Civ.App., 111 S.W.2d 1164.

Upon return of the mandate from this court to the trial court, Hitt answered, setting up his plea of limitation and urging that the facts above outlined showed lack of diligence on appellee's part in prosecuting his suit against appellant; that the limitation statute was therefore not tolled; and that judgment should have been rendered for appellant.

When appellant herein sued out his writ of error on the former appeal on August 3, 1936, that constituted an appearance. Oetting v. Mineral Wells Crushed Stone Co., Tex.Civ.App., 262 S.W. 93; Ft. Worth Mut. Benev. Ass'n v. Petty, Tex.Civ.App., 293 S.W. 290. After judgment was entered in the original suit in February, 1936, nothing occurred to call appellee's attention to the irregularity of, or lack of, service upon appellant until he sued out his writ of error in August, 1936. When this was done the trial court, of course, had no jurisdiction over the case until that appeal was disposed of. Consequently, appellee's lack of diligence, in the last analysis, must be tested by his failure to discover, prior to the entry of the judgment in February, 1936, that the original process issued to appellant in Howard County was defective in the respects stated.

The general rule as to what is required in order to toll the statutes of limitation is well settled. Not only must suit be filed in time, but there must be a bona fide intention to have process issued, and due diligence exercised to see that it is done. 28 Tex.Jur., § 100, p. 193; Ferguson v. Millinbruck, Tex.Civ.App., 134 S.W.2d

Fowler Roberts, of Big Lake, for appellant.

E. M. Davis, of Brownwood, for appellee.

BAUGH, Justice.

This appeal presents but one question. That is, whether the appellant prosecuted his suit diligently after it was filed, so as to toll the four-year statute of limitation (Art. 5527, Sec. 1, R.C.S.1925) as against his cause of action. The trial court found as a fact that he did, overruled appellant's plea of limitation, and rendered judgment against him; hence this appeal.

The history of the case and the undisputed facts are as follows:

On September 11, 1935, Bell filed suit against three defendants, including appellant, on a promissory note due on November 10, 1931. Citations were issued immediately to all three, duly served upon the other two defendants, one of whom resided

680; Ricker et al. v. Shoemaker, 81 Tex. 22, 16 S.W. 645. In the instant case, process promptly was issued and served. ,Bell testified that it was his continuing intention to prosecute his suit; and in effect, that had he known the process served on appellant in September, 1935, was defective he would have had new process issued and served without delay. In view of these facts, and his undisputed testimony, we think there was no evidence of a lack of intention on appellee's part to prosecute his suit with diligence. No intentional delay was shown in the issuance of process; and plaintiff's failure to promptly discover the defective service cannot be said to indicate any intent not to prosecute his suit with diligence and in good faith. This issue was, unless concluded as a matter of law by undisputed facts, an issue of fact to be determined by the court or jury. 28 Tex.Jur., § 102, p. 197, and cases there cited. In the instant case the trial court found against appellant's contention of lack of diligence and we cannot say that there was no evidence to support that finding.

The judgment of the trial court is therefore affirmed.

Affirmed.