## McDONALD v. EVANS.
### No. 5928.

Court of Civil Appeals of Texas. Amarillo.
Jan. 17, 1949.

Chas. H. Dean, of Plainview, for appel-
lant.

J. R. Porter, of Clarendon, for appellee.

LUMPKIN, Justice.

This suit was instituted in Donley Coun-
ty, Texas, by the appellee, J. W. Evans,
against the appellant, W. C. McDonald,
upon a promissory note. The note was in
the amount of $1,140.23 and payable to Dr.
J. W. Evans. It was dated April 6, 1942,
at Clarendon, Texas, and due October 6,
1942. The appellant's sole defense was
that the note was barred by the four year
statute of limitations, Article 5527, Ver-
non's Revised Civil Statutes. The trial
court overruled appellant's plea and grant-
ed judgment for $1,840.39 in favor of the
appellee, together with attorney's fees in
the amount of $184.03. To this action and
judgment of the court, the appellant gave
notice of appeal, which in due time was
perfected, and the cause is before us for
disposition.

The appellant attacks the trial court's
judgment in a single point of error in
which he contends that the court erred in
overruling his plea of limitations. In or-
der to dispose of this contention, it is nec-
essary to review portions of the testimony
offered by appellee. The appellant offered
no evidence in support of his contention.

Mr. J. R. Porter, attorney for the appel-
lee, testified that on September 17, 1946,
he wrote the appellant and called to his at-
tention that on October 6, 1946, the note
would be barred by the four year statute
of limitations. Mr. Porter's letter con-
tinued: " * * * Let me know what
you can do in the way of paying the note
or a part of it and extending the due date
on the balance. Dr. Evans does not want
to sue on the note but will have to unless
some arrangement is made before the date
above mentioned * * *." A few days
after mailing this letter, Mr. Porter re-

ceived a long distance telephone call in which the appellant offered in payment of the note $200 cash and a check in the amount of $300, dated November 1, 1946. On September 28, 1946, Mr. Porter filed this suit and the same day addressed this letter to the appellant: "Bill, I talked to Dr. Evans about your offer of $200 cash and a check dated November 1, 1946, for $300, and told him about what you said. He has been and is yet sick. He turned the proposition down and would not say what he would do in the way of a settlement; but I believe I could get him to take $750 cash, I would not promise this but I think I can * * * let me hear from you in this connection * * *"

Mr. Porter's testimony continues: "After Bill got this letter of September 28, he called me up again from Plainview and insisted that I try again to accept the $200 cash and * * * check dated November 1 for $300, and I again went back to see Dr. Evans and he turned it down * * * Then, in about ten days or two weeks, Bill called me again and said he had some livestock he would deliver to Dr. Evans. They were in Swisher County. That he would deliver this livestock to Dr. Evans in cancellation of the note * * * Dr. Evans got so sick that he was carried away from here * * * he wasn't keeping his office and he was gone. I talked with Dr. Jenkins and Dr. Ellis both and they advised me not to bother Dr. Evans with a piece of business and I didn't until just before Christmas." In the conversations he had with the appellant, Mr. Porter was asked not to file suit and not to take judgment. However, notwithstanding appellant's request, on December 27, 1946, Mr. Porter wrote the sheriff of Hale County enclosing a citation with a copy of appellee's petition attached. This letter was returned on December 30, 1946, with this notation: "We are unable to locate Mr. McDonald." Immediately upon receiving this letter from the sheriff of Hale County, appellee's attorney called the clerk of Donley County and asked him to issue another citation; and, later, on several occasions he asked the district clerk to issue the citation and the clerk said he would. The appellant was served in Hale County on October 16, 1947, with a citation issued by the district clerk of Donley County on October 14, 1947.

To toll the statute of limitation, not only must suit be filed in time, but there must be a bona fide intention to have process issued and due diligence must be exercised to see that this is done. Ferguson et ux. v. Mellinbruck, Tex.Civ.App., 134 S.W. 2d 680, dism. judgm. cor. "The question of whether proper diligence has or has not been used in any particular case is quite often a hard matter to determine and no set rule for the determination for such question has ever been or can be laid down." Meyer v. Pecos Mercantile Company, Tex.Civ.App., 47 S.W.2d 435, 437. As a rule the question is one of fact for the jury, or for the court when sitting without a jury. Bering Mfg. Co. v. W. T. Carter & Bro. et al., Tex.Com.App., 272 S.W. 1105. In order to show diligence of a nature which would toll the limitation statute, the plaintiff is not required by our courts to exercise the highest degree of diligence. He need show only that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances. Meyer v. Pecos Mercantile Company, supra.

The question, then, is to determine if the appellee exercised a sufficient degree of diligence in the prosecution of his suit from the date it was filed until a citation was served upon the appellant. Under the authorities cited there is no doubt that Mr. Porter exercised diligence from the filing of the suit until December 30, 1946, the date the sheriff of Hale County reported he was unable to locate the appellant. But did the appellee exercise a proper amount of diligence from that date until October 14, 1947, the date the district clerk issued the second citation? The undisputed evidence shows that appellee's attorney knew that the appellant resided in Hale County and that Mr. Porter's office was within three blocks of the Donley County courthouse. However, the district clerk stated that he remembered appellee's attorney speaking to him concerning the second citation, the exact time—or the number of times—he did not recall, and that it was his understanding that the issuing of the sec-

872

ond citation was not an urgent matter. There is nothing in the record as to Dr. Evans' health during this period, nor is there anything which would indicate that further negotiations toward settling the suit were not taking place after December 30, 1946.

Appellant cites Buie v. Couch, Tex.Civ. App., 126 S.W.2d 565, 567, writ refused, in support of his position. In that case, "without any excuse therefor," the citation was held in the clerk's office eight months and eight days before being issued. In the case before us the citation was issued the same day the suit was filed, but, in an effort to compromise the claim and settle the suit, service was delayed at the appellant's request.

In view of the undisputed testimony of appellee's attorney, there seems to be no evidence of a want of intention on appellee's part to prosecute his suit with diligence. Although there were probably many things appellee's attorney might have done to insure the issuing of the process, under the authorities he was not required to exercise the highest degree of diligence but only that of the ordinarily prudent person under the same circumstances. In the beginning, at least, the delay in the issuance of process was at the appellant's request and at a time when negotiations for settling the suit were underway. None of the acts of appellee's attorney, in our opinion, either before December 30, 1946, or later, would indicate an intent not to prosecute the case with diligence and good faith.

■■ Unless the issue of diligence was concluded as a matter of law by the undisputed facts, it became an issue to be determined by the court. Panhandle & S. F. R. Co. et al. v. Hubbard, Tex.Civ.App., 190 S.W. 793; Bering Mfg. Co. v. W. T. Carter & Bro. et al., supra; Meyer v. Pecos Mercantile Company, supra; Morgan v. Hardy et al., Tex.Civ.App., 57 S.W.2d 204. The trial court found against appellant's contention of lack of diligence, and we cannot say that there was no evidence of probative force to support the finding. Thus, for the reasons given, the appellant's point of error is overruled and the judgment of the trial court is affirmed. San Saba Nat. Bank of San Saba v. Parker, 135 Tex. 136, 140 S.W.2d 1094; Hitt v. Bell, Tex.Civ. App., 141 S.W.2d 726; Long-Bell Lumber Co. v. Bynum, 138 Tex. 267, 158 S.W.2d 290.