**UNIVERSAL WHEEL SHIELD, INC., et al.,**
**Appellants,**

v.

**LACO AUTO LEASING, INC., Appellee.**

No. 355.

Court of Civil Appeals of Texas.

Tyler.

May 30, 1968.

Blanchard, Clifford, Gilkerson & Smith, George E. Gilkerson and Thomas F. Sedberry, Lubbock, for appellants.

Evans, Pharr, Trout & Jones, John A. Flygare and Carlton B. Dodson, Lubbock, for appellee.

MOORE, Justice.

Appellee, Laco Auto Leasing, Inc., brought this suit against appellants, Universal Wheel Shield, Inc., as obligor, and J. B. Wilson, its president, individually and as guarantor, seeking to recover damages for breach of an automobile lease contract. The sole defense alleged by appellants was the four-year statute of limitations. Art. 5527, Vernon's Ann.Tex. Civ.St.

It is without dispute that appellants executed a written lease contract by which they leased an automobile from appellee on July 27, 1961, for a period of 24 months, agreeing to pay a rental of $93.60 per month. Appellants paid only four monthly installments upon the contract, the last of which was paid on November 27, 1961. Appellee repossessed the automobile on March 17, 1962, and in accordance with the contract sold the same on June 28, 1962. On July 20, 1962, appellee filed suit against appellants for breach of the contract. Citation was issued to each of the appellants on the date suit was filed. Shortly thereafter, in the latter part of July, 1962, both citations were returned unserved by the Sheriff of Lubbock County with the notation that J. B. Wilson could not be located. On September 23, 1966, some four years later, appellee requested and secured an alias citation for both appellants. On October 1, 1966, the Sheriff of Lubbock County served citation on appellant, J. B. Wilson, and also served Universal Wheel Shield, Inc. by serving J. B. Wilson, its president.

Trial was had before the court, without a jury, and resulted in a judgment in favor of Laco against Universal Wheel Shield, Inc. and J. B. Wilson, jointly and severally, for the sum and amount of $778.70, together with attorney's fees in the amount of $259.00. Subsequent to an order overruling appellants' amended motion for new trial, they duly perfected this appeal.

Appellants, by two points of error, contend that the trial court committed reversible error in granting judgment in favor of appellee because they say the evidence offered by appellee fails to show that the appellee exercised due diligence in obtaining service of process upon the appellants within four years from the date of the accrual of the cause of action.

Article 5527, supra, provides in part, as follows:

"There shall be commenced and *prosecuted* within four years after the cause

of action shall have accrued, *and not afterward,* all actions or suits in court * * * for debt where the indebtedness is evidenced by or founded upon any contract in writing." (Emphasis supplied.)

The specific question which we are called upon to decide is whether as a matter of law appellee failed to exercise reasonable diligence in procuring service of citation after the suit had been filed.

While the record is before us without findings of fact or conclusions of law, the trial court by rendering judgment in favor of appellee apparently concluded that under the evidence, sufficient diligence was exercised as to toll the statute of limitations. It is elementary that on appeal the evidence must be viewed in a light most favorable to the party securing the judgment, and when so viewed, if there is any evidence in the record of probative force supporting the conclusion of the trial court, then the judgment must be affirmed. If not, the judgment must be reversed. A brief review of the evidence will be required.

The evidence shows that when citation was returned by the Sheriff of Lubbock County with the notation that appellant, J. B. Wilson, could not be found, Sam C. Arnett, an officer of appellee, made an attempt to locate Wilson. In going through his files, he discovered that John Denman, Jr. was one of the officers of Universal Shield. Arnett did not know Denman, Jr., but was acquainted with his father, John Denman, Sr., who was employed by the Citizens National Bank of Lubbock. He called Denman, Sr. and requested that he contact his son with reference to the whereabouts of Wilson. Subsequently, sometime during August, 1962, Denman, Sr. reported back to Arnett that his information was that Wilson was in California and that he did not know when he was expected to return, or if he was returning. Arnett testified further that he did not make any further investi-

gation because he assumed that Wilson remained in California. He failed to offer any explanation of why service of process could not have been perfected upon appellant, Universal Wheel Shield, Inc. by serving one of its other officers, or by having a copy of the citation at the principal office of the company during office hours as provided by Article 2029, V.A.T.S.

Appellee's attorney testified that in the summer of 1966, he had occasion to review the files of Laco. In so doing, he reviewed Wilson's file and commenced doing some checking on his whereabouts. He contacted John Denman, Sr. and within a few days found that Wilson was working for Fowler Manufacturing Company in Lubbock; that as a result of this information, he procured alias citations for appellants on September 23, 1966.

Appellee called appellant, J. B. Wilson, as an adverse party, and upon examination, Wilson testified that at the time suit was filed, he and his wife were separated and he was not living in the home, but was living at the Century House Apartments in Lubbock. While residing there, he testified that on July 24, 1962, the Sheriff of Lubbock County was able to locate him and serve him with citation in his wife's divorce suit. Shortly thereafter he left for California and was gone for three or four weeks. When he returned he moved into the home with his mother at 2310 Main Street in Lubbock and lived there continuously from October, 1962, to February, 1964, during which time he was employed by Pratas & Smith, Certified Public Accountants. After that, he worked as a public accountant out of his mother's home until he was employed by Fowler Manufacturing Company in Lubbock in September, 1965, where he was employed at the time of trial. Although he admitted that he had never voted in Lubbock County or had never served on a jury and had no automobile or telephone listed in his name, he testified that he was a member of a local civic club and had coached Little League Baseball and had been active in other sports affairs in the City of Lubbock. He testified that in connection with his sports activities and his employment, his picture appeared in the Lubbock newspaper on several occasions. He further testified that since late in 1961, he had spent 95% of his time in Lubbock, where he maintained his residence and domicile, and if he had known he was being sued at an earlier date, he possibly could have paid this indebtedness out of funds received from the sale of certain assets of the corporation.

■ It now seems to be settled that the plaintiff, upon filing suit, has a duty to exercise reasonable diligence in perfecting service of process and that such duty is a continuing one. Austin v. Proctor, (Tex. Civ.App.) 291 S.W. 702; Buie v. Couch, (Tex.Civ.App.) 126 S.W.2d 565.

In construing the provisions of Art. 5527, the court in Buie v. Couch, supra, said:

"* * * The object of this statute in requiring suits to be filed and prosecuted within a fixed time is not only to require plaintiff to definitely commit himself as to whether he intends to demand satisfaction of his claim but to advise the defendant thereof in order that he may prepare his defense and preserve his evidence in support thereof before the evidence is lost by the lapse of time. Notice to the defendant is therefore of vital importance, for otherwise receipts and other physical evidence might be destroyed, or his witnesses might die, or their memories fail before he had notice of the necessity of preserving the testimony. This object is not accomplished by the mere filing of the suit. The plaintiff must not only file the suit within the statutory period, but it is said that 'there must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served.' Austin v. Proctor, Tex.Civ.App., 291 S.W. 702, 703, par. 3, and authorities

there cited; 28 Tex.Jur. 193; Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. * * *"

See also Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628.

■ As we view the record, the evidence conclusively shows that appellee failed to make any effort whatever to locate appellant, J. B. Wilson, or to obtain an alias citation from August, 1962, until the summer of 1966. Nor have we been able to find any evidence in the record showing that appellee ever made an effort to serve the corporation, Universal Wheel Shield, Inc., by serving any other officer of the corporation or by leaving a copy of the citation at its principal office during office hours as provided by Art. 2029, V.A.T.S. While the evidence is no doubt sufficient to show appellee exercised reasonable diligence up until August, 1962, the fact that appellee thereafter received information that Wilson was in California did not authorize appellee to abandon all efforts to obtain service. The duty to diligently prosecute the suit was a continuing one. The undisputed facts, we think, show as a matter of law that appellee did not exercise reasonable diligence in serving either of appellants with citation. As a consequence, the running of the statute was never interrupted and as a result appellee's claim became barred by limitation.

Appellee attempts to excuse its lack of diligence by saying that even though it had exercised reasonable diligence, its efforts would have been fruitless because Wilson could not have been found. There is nothing to suggest that appellant was attempting to evade process. Moreover, we think appellee's own evidence refutes such an argument. The testimony of appellee's attorney shows that when he finally attempted to locate Wilson in September, 1966, he was able to do so within a matter of a few days. It is obvious from the facts stated above that had appellee exercised the diligence of an ordinarily pru-

dent person, service of process could have been perfected both upon J. B. Wilson and Universal Wheel Shield, Inc. long before October 1, 1966. Appellee's failure to take any action for more than four years, without any excuse therefor, is wholly inconsistent with the concept of reasonable diligence. Buie v. Couch, supra; Ferguson v. Estes & Alexander, (Tex.Civ.App.) 214 S.W. 465.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.