Charles Albert **GATLIN**, Appellant,

v.

Joe Thomas **MASON** et ux., Appellees.

No. 496.

Court of Civil Appeals of Texas,
Tyler.

Oct. 15, 1970.

James, Ingram & Glenn, Tom C. Ingram, Jr., Dallas, for appellant.

Weston & Ivy, Jimmy D. Ivy, Dallas, for appellees.

McKAY, Justice.

Appellees brought this suit against Charles Albert Gatlin for damages as a result of an automobile collision. Irene Gatlin, widow and administratrix of the estate of Charles Albert Gatlin, was substituted as party-defendant after the death of Gatlin, and she was such party at the time of trial before a jury. The trial court rendered judgment for appellees upon the jury verdict and appellant brings this appeal.

By her first three points of error, appellant complains that there was no evidence to support the submission of Special Issue No. 19 to the jury; that the evidence was insufficient to support the jury's answer to same; and that the jury's answer to such issue was against the greater weight and preponderance of the evidence. By her fourth point, appellant maintains appellees claim was barred by Article 5526, Vernon's Ann.Tex.Civ.St., as a matter of law.

Special Issue No. 19 and the jury's answer thereto were as follows:

"Do you find from a preponderance of the evidence that the plaintiffs, Joe Thomas Mason and wife, Dorothy Louise Mason and their attorney used due diligence after the filing of this lawsuit to secure service of citation on the defendant in this cause?

"In connection with this issue you are instructed that *due diligence* means that diligence that would have been exercised by a person or ordinary prudence under the same or similar circumstances.

"ANSWER 'Yes' or 'No.'

"ANSWER ___ Yes ___"

The record reveals that the automobile collision upon which this suit is based took

place on November 24, 1965. The plaintiffs' (Appellees here) original petition was filed October 27, 1967, in Dallas County against Charles Gatlin alone. Citation was issued immediately but was not served on Gatlin because he was ill, and he died on November 14, 1967. Neither appellees nor their counsel was aware that Gatlin had died, and counsel filed an application for citation to be served under Rule 106, Texas Rules of Civil Procedure, and an order permitting such substitute service was entered on November 27, 1967. On January 3, 1968, the sheriff's office notified appellees' counsel that service had been attempted under Rule 106 by serving Mrs. Gatlin, but that she informed the officer that Mr. Gatlin had died on November 14, 1967. On January 5, 1968, appellees' counsel checked the probate records of Dallas County and failed to find any application for administration or other record concerning the estate of Charles Albert Gatlin.

On January 8, 1968, Irene Gatlin, the surviving widow, filed an application to be appointed administratrix of her husband's estate, and on January 22, 1968, her application was granted. Appellees' counsel did not have knowledge of the application or the order of appointment of Irene Gatlin as administratrix, and on February 23, 1968, he wrote to Mrs. Gatlin, and the letter was received, inquiring whether there had been any administration taken out on her husband's estate or if such action was contemplated. No written response was received by appellees' counsel, but on February 27, 1968, he received a telephone call from a Mr. Davis who discussed the case with him. James H. Martin and a Mr. Berry talked with appellees' counsel about the case some time later and appellees' counsel was in negotiation for some time with them and testified that it was then his opinion the case could be settled. After a call from Martin, who was representing the estate, appellees' counsel went to the probate court to review the records. There was no evidence in the record showing the dates of contacts or negotiations between February 27, 1968, and June 13, 1968, the

latter date being the date appellees' counsel mailed a Suggestion of Death to the District Court, which was filed on June 14, 1968. On June 17, 1968, citation was issued for Mrs. Gatlin and served on her on June 21, 1968.

The two-year limitation statute, Article 5526, V.A.T.S., would have run on November 24, 1967, but Charles Albert Gatlin died on November 14, 1967, and under Article 5538, V.A.T.S., limitations would not run from the date of his death until an administrator of his estate had qualified. The administratrix qualified on January 22, 1968.

■ It appears to be the settled law in Texas that a plaintiff, upon filing a suit, has a duty to exercise reasonable diligence in perfecting service of process, and that such duty is a continuing one. Universal Wheel Shield, Inc. v. Laco Auto Leasing, Inc., 429 S.W.2d 942 (Tex.Civ.App., Tyler, 1968, n. w. h.); Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628 (1958); Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App., Waco, 1939, writ ref.). It is set out in the early case of Austin v. Proctor, 291 S.W. 702 (Tex.Civ. App., El Paso, 1927, n. w. h.), that " * * * the mere filing of the petition in a suit * * * does not toll the statute of limitations. There must be a bona fide intention that such process issue and be served." The citation here was not suppressed by instructions to the Clerk not to issue process. Had that happened, the statute would not have been tolled. Higginbotham Brothers & Co. v. Calloway, 170 S.W.2d 333 (Tex.Civ.App., Eastland, 1943, n. w. h.).

■ We hold under the facts in this case the statute of limitations, as a matter of law, did not run to defeat the plaintiffs' action. It is our view that whether appellees used due diligence to have citation served became a question of fact, and that the evidence was sufficient to raise that fact for the determination of the jury. Whether there was a bona fide intention to have process served and due diligence exercised to see that it was done was for the

jury. McDonald v. Evans, 217 S.W.2d 870 (Tex.Civ.App., Amarillo, 1949, n. w. h.); 37 Tex.Jur.2d, Sections 105, 108, pages 259–260; 265. The evidence raised the issue which was submitted to the jury by the Court and the jury found that appellees and their attorney used due diligence after the filing of the suit to secure service of citation on appellant Gatlin. Appellant's points are overruled.

Judgment of the trial court is affirmed.