GIBRALTAR SAVINGS ASSOCIATION, Appellant,

v.

Floyd A. KING et ux., Appellees.

No. 545.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 17, 1971.

Charles A. Nester, Monteith, Baring & Nester, Houston, for appellant.

Wayne J. Prosperi, Roger B. Williams, Prosperi, Williams & Kissner, Houston, for appellees.

BARRON, Justice.

This is a suit on a promissory note.

Appellant Gibraltar Savings Association brought suit in the District Court of Harris County to recover the unpaid balance of a promissory note obligating appellees Floyd A. King and wife. The case was heard without a jury, and upon request the trial court made findings of fact and conclusions of law. The court found as a matter of fact that Gibraltar failed to exercise due diligence in serving appellees with citation and concluded that the cause of action was barred by the statute of limitations as provided in Tex.Rev.Civ.Stat. Ann. Art. 5527, sec. 1 (1958). From the judgment that it take nothing appellant has perfected this appeal.

Colonial Building Company executed a promissory note for $11,950.00 in favor of Investment and Finance Company, payable in monthly installments of $80.70, bearing interest at the rate of 6½% annually. Payment was secured by mortgage and deed of trust conveying to Edgar W. Monteith, Trustee, certain real property in Westbury South Addition in Houston. Subsequently the note and deed of trust were assigned to plaintiff Gibraltar Savings. Colonial Building Company soon thereafter sold the property securing the note to appellees, appellees assuming the unpaid balance of the note as part of the consideration. Upon default of payment on the note the appellant declared the whole amount of the note due. When no such payment was tendered, appellant directed the trustee pursuant to the terms of the deed of trust to foreclose the property securing the note and to sell it. The public sale of the property yielded $8,300.00, which sum was applied to the outstanding balance of the note, leaving $3,148.93 still owing on the note. It is for that remaining amount that appellant sued.

Appellees responded to plaintiff's unsworn petition with, inter alia, a general denial and reliance upon Art. 5527, the four year statute of limitations. By his eleventh finding of fact the trial judge found that appellant had "failed to exercise due diligence in serving the defendants with citation in this cause." By his ninth

finding the judge found that appellees vacated the premises of the foreclosed property,

"And left with the plaintiff the name and address of the father of the defendant, 'Janet R. King.' The defendants also left with the United States Post Office their forwarding address." (Quotation added)

On appeal the appellant contends that the trial court's finding that appellant failed to exercise due diligence was erroneous because it was against the preponderance of the evidence.

■ Appellant's cause of action accrued on May 4, 1965, and suit was filed on February 25, 1966. Service of process was obtained on appellees on April 6, 1970, four years and eleven months after accrual of the cause of action and four years and one and one-half months after suit was filed. Tex.Rev.Civ.Stat.Ann. Art. 5527, sec. 1 (1958) requires all actions for debts evidenced by or founded upon written contracts to be commenced and prosecuted within four years after the cause of action shall have accrued. The statute is not tolled by the commencement of suit if the plaintiff is guilty of a lack of diligence in obtaining service. 37 Tex.Jur.2d, Limitations of Actions, Sec. 107 (1962); City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93 (1942); Buie v. Couch, 126 S. W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd); Klemm v. Schroeder, 204 S.W.2d 675 (Tex.Civ.App.—San Antonio 1947, no writ). Whether or not due diligence has been exercised is frequently a difficult question, and no set rule can be laid down. Meyer v. Pecos Mercantile Co., 47 S.W.2d 435 (Tex.Civ.App.—El Paso 1932, no writ); McDonald v. Evans, 217 S.W.2d 870 (Tex.Civ.App.—Amarillo 1949, no writ). Ordinarily the question is one for the jury or for the judge sitting without a jury. Meyer and McDonald, supra. The plaintiff is not required to employ the highest degree of diligence in order to toll the running of the statute. He must show simply that diligence to procure service which an ordinarily prudent person would have used in the same or similar circumstances. Meyer and McDonald, supra. Thus, since appellees here pleaded the statute of limitations, appellant has the burden of justifying or excusing its failure to have citation served within the required term of four years. Selman v. Lynch, 461 S.W.2d 452 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.).

To justify his delay in serving appellees, appellant offered the following evidence:

■ Appellant's attorney Charles Nester testified that he mailed a form demand letter (plaintiff's exhibit no. 12) to appellees in Euless, Texas. Suit was filed on February 25, 1966, and out-of-county process was forwarded to the Tarrant County Sheriff. The sheriff returned the process with a letter noting that appellees had moved without leaving a forwarding address. Nester then called Houston Lighting and Power Company to ask whether appellees were then receiving service in Houston, and the response was that they were not. Thereafter the appellees' file was placed in a "60-day cycle" by which procedure a memorandum was sent to appellant's credit and collection department each 60 days to determine whether any current address for appellees was then on file. Further efforts to locate appellees were thereupon left to appellant. When Nester received notice from the District Court of Harris County that the appellant's suit was in danger of dismissal for want of prosecution, he wrote a memorandum urging appellant to redouble the effort to locate appellees. As a result, appellant's loan officer finally fixed a Houston address for appellees in February, 1970. The officer, Ross Munger, testified that he had been in charge of locating addresses since 1968, and that his only efforts to locate appellees consisted of calls to the local credit bureau and utilities and reference to the local telephone directories. No out-of-county investigation was made. No reference was made to the county records al-

though appellant knew of the existence of the T. J. Bettes second lien on the property securing a home improvement loan. An alias citation was served on appellees at their then Houston home on April 6, 1970.

Appellees offered substantial evidence to demonstrate that through the use of the diligence of an ordinarily prudent individual appellant could have obtained appellees' address and should have procured service within the statutory period. Both appellees testified that because of financial problems they moved in April of 1965 from Houston to Euless, Texas so that Mr. King could accept a position with a Dallas company. Mrs. King testified that she contacted appellant's employee, Mrs. Agnes Lucas, and notified her of their immediate move to Euless. Mrs. King further testified that she left a forwarding address with the post office in Houston, and that while in Euless the Kings received Nester's demand letter and a statement of account. After approximately 5 months in Euless, the Kings moved to Lubbock, Texas, where they lived approximately one year at 6506 Avenue U, and approximately three and one-half years at 2010 69th Street. Mrs. King testified that she left a forwarding address at the time of the move from Euless to Lubbock, the moves in Lubbock, and the move back to Houston in late 1969. Appellees introduced into evidence exhibits in order to show that their mail was in fact forwarded from Houston to Euless, and from Houston to Euless on to both Lubbock addresses. These communications included personal letters and form notices from such firms as Meyerland State Bank, Pacific Finance, Houston City Tax Office, and T. J. Bettes Company.

Appellees further testified that in both Euless and Lubbock they had published telephone listings, they had a bank loan from a Lubbock bank, they had various open accounts with local retail stores, and they were financing the second Lubbock home through Mortgage and Trust Company of Houston. They also testified to continued payment of an automobile loan

from Heights State Bank in Houston. In addition, appellees notified Mrs. Lucas of Mrs. King's parents, Mr. and Mrs. A. O. Kaspar, as a source for locating appellees and also advised neighbors, including Mrs. Joanne Renfrow, of their whereabouts. Appellees wrote to Mrs. Renfrow from Euless and Lubbock on several occasions.

Mrs. King's father, A. O. Kaspar, testified that he and his wife at all times knew the whereabouts of the Kings and visited them in both Euless and Lubbock. Mrs. Kaspar testified to forwarding mail and referring inquiries to the Kings.

Mrs. Renfrow, appellees' Houston neighbor, testified that she at all times knew appellees' whereabout in Euless and Lubbock and she further testified that she notified a Borden Company milkman of appellees' location regarding the unpaid balance of appellees' milk bill. Appellees' exhibit no. 12 was a letter from Borden thereafter sent to appellees in Euless.

In the recent case of Rigo Manufacturing Company v. Thomas, 458 S.W.2d 180 (Tex.Sup.1970), the Supreme Court, speaking through Chief Justice Calvert, noted that in Buie v. Couch, supra, the Court by refusal of writ of error had approved a holding in that suit on a note that eight and one-third months' delay in securing issuance and service of citation was "negligence as a matter of law and inconsistent with due diligence". In the instant case the lapse between the cessation of the statutory period in the time of actual service was some *eleven* months. It is clear from the Texas cases that a plaintiff's duty diligently to seek to locate and serve a defendant is a continuing one. Austin v. Proctor, 291 S.W. 702 (Tex.Civ.App.—El Paso 1927, no writ); Universal Wheel Shield v. Laco Auto Leasing, 429 S.W.2d 942 (Tex.Civ.App.—Tyler 1968, no writ); Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628 (1958); Buie, supra. Appellant's attorney here did nothing subsequent to return of process by the Tarrant County Sheriff except contact the Houston Lighting and

Power Company. The attorney, having sent the demand letter to Euless, knew that the appellees did not reside in Houston, but no attempt was made to determine any out-of-county address. No inquiry was directed to appellees' former neighbor, or to Mr. A. O. Kaspar, T. J. Bettes Company or F.H.A. (which took over appellees' note to Bettes). No certified letter or *any* further communication was sent to appellees' known Euless address. Appellant's attorney's file on the appellees contained the notice of trustee's sale which showed that it had been sent to Mr. A. O. Kaspar and T. J. Bettes Company.

Appellant itself, from 1968 until the present date by Ross Munger, did little more in response to the attorney's periodic memoranda. Munger's efforts stopped beyond contacts to the local credit bureau, the telephone company and the local utilities. He never checked with appellees' former neighbors, with T. J. Bettes Company or F.H.A., and he made no attempt to locate any out-of-Houston address, despite having access to the file on appellees' listing A. O. Kaspar and T. J. Bettes with their addresses, and a copy of the demand letter mailed to Euless.

A recent case factually similar to the instant case is Universal Wheel Shield v. Laco Auto Leasing, supra, in which Laco filed suit on July 20, 1962, for breach of an automobile lease contract. The cause of action accrued on December 27, 1961, upon a default in payment. Citation issued on July 20, 1962, and was returned unserved because of the Sheriff's inability to locate one defendant. Alias citation was obtained and served on October 1st, 1966. The statute of limitation, Art. 5527, was the sole defense pleaded. The evidence revealed that an officer of plaintiff, upon discovering that he knew a relative of one of the defendant corporation's officers, called the relative and was told that the missing defendant (the defendant corporation's president) was in California for an indefinite time. No further attempt was made to locate the absent defendant. In 1966 an inquiry to the same source revealed that the defendant was again in Lubbock, and an alias citation was thereafter procured. The once-absent defendant testified that he had returned to Lubbock after but a few weeks, and that he maintained membership in a local civic club and was active in sports affairs in Lubbock. The court held that plaintiff's efforts fell below the standard of due diligence. In the instant case appellees had several potential sources of information regarding their whereabouts to which appellant with some diligence could have referred. As in Universal Wheel, supra, following an unsuccessful attempt to serve appellees, little was done to ascertain their whereabouts until some three years and ten months after the cause of action had accrued when fortuity caused plaintiff to re-inquire. Periodic sixty-day checks of the local credit bureau, the telephone company and utilities do not rise to the level of proper diligence on the part of one obligated continuously to seek to give notice to the party he wishes to sue. This is even more true where plaintiff has available several sources from which he could obtain defendant's address.

Cases cited by appellant in support of its position are distinguishable. In both Meyer v. Pecos Mercantile Co., supra, and Morgan v. Hardy, 57 S.W.2d 204 (Tex. Civ.App.—El Paso 1933, no writ) it is clear that plaintiff's attorneys made every effort to obtain service upon defendants. The same can not be said for appellant here. Because the preponderance of the evidence clearly supports the trial court's finding that appellant failed to exercise due diligence in serving appellees, that finding was not error, and accordingly the judgment of the trial court is affirmed.