Don **BEAVERS**, Appellant,

v.

Linda Elaine Nutt **DARLING**, Appellee.

No. 5232.

Court of Civil Appeals of Texas, Waco.

Feb. 8, 1973.

Ted Musick, Houston, for appellant.

Brackeen, Pennington & Stallones, Troy Stallones and Warren Y. Pennington, Houston, for appellee.

OPINION

JAMES, Justice.

This is a summary judgment case. The trial court granted a summary judgment in favor of Defendant-Appellee Linda Elaine Nutt Darling, that Plaintiff-Appellant Don Beavers take nothing, from which Plaintiff-Appellant Beavers appeals.

The sole question presented is whether or not Plaintiff-Appellant Beavers failed as a matter of law to exercise due diligence in securing service of citation upon

Defendant-Appellee Mrs. Darling. We believe he did not so fail as a matter of law, and that a material fact issue concerning due diligence was presented. We therefore reverse and remand the cause to the trial court.

The suit grew out of an automobile accident which occurred in Houston, Texas, on July 25, 1966. Mr. Ted Musick, an attorney at law, was employed by Plaintiff-Appellant Beavers to represent him in November, 1967. On December 8, 1967, Mr. Musick filed Plaintiff's Original Petition in a District Court of Harris County, Texas, against Defendant-Appellee Mrs. Darling for personal injuries, medical expenses, and property damage. The record shows the first citation was issued December 14, 1967, directed to "Linda Elaine Nutt, a feme sole," and returned unserved March 14, 1968, the officer's notation on the return reciting "service attempted."

The second citation was issued August 5, 1968, directed to "Linda Elaine Nutt, a feme sole," and was returned unserved on November 6, 1968 with the officer's return reciting: "unable to locate. Service attempted."

The third citation was issued December 15, 1969 directed to "Linda Elaine Nutt, a feme sole," and was returned unserved March 18, 1970, with the officer's return reciting: "Att(empt) to serve. Unable to locate in time for service."

The fourth citation was issued March 30, 1970 directed to "Linda Elaine Nutt, a feme sole," and was returned unexecuted July 8, 1970, with the officer's return reciting "Service attempted. Unable to locate for service."

The fifth citation was issued May 10, 1971, directed to "Linda Elaine Nutt Darling," which was duly served on her two days later, on May 12, 1971.

The Defendant filed her Original Answer on May 27, 1971, in which she pleaded among other things, that Plaintiff's cause of action was barred by the two year statute of limitations.

As bearing on the question of Plaintiff's diligence in getting the Defendant served with citation, it is well to point out that at the time of the accident, the Defendant was a minor nineteen years of age and single, her maiden name being "Linda Elaine Nutt"; that between the time of the accident and the time she was finally served with citation, she had (1.) reached her majority, (2.) married, (and thereby changed her surname to "Darling") (3.) become divorced, and (4.) had changed her address at least a few times. Changes in a defendant's status such as these may well present problems to the plaintiff in his efforts to locate such defendant for securing service of citation.

Prior to the time the instant suit was brought in the District Court, Defendant-Appellee Linda Elaine Nutt sued Plaintiff-Appellant Don Beavers in a County Court at Law of Harris County, Texas, primarily for her car damage and other damages growing out of the same accident as the District Court suit. On January 22, 1970, Mr. Musick, Beaver's attorney, had Written Interrogatories served upon the attorney for Linda Elaine Nutt in which he asked several questions about where she presently lived, where she worked, her position, her marital status, as well as other questions concerning the accident. On February 17, 1970, Miss Nutt's attorney served Mr. Musick with answers in which these questions were answered. It was pursuant to these answers that Mr. Musick caused the fourth citation to be issued which was returned unserved.

Then thereafter, in December 1970, in the County Court suit, Mr. Musick took the oral deposition of Linda Elaine Nutt Darling in which he (Musick) again secured Mrs. Darling's current name, residence address, business address, occupation, and marital status. Since the time of the written interrogatories (about ten months earlier), she had changed her residence ad-

dress but was still working for the same employer as before. On the occasion of this oral deposition, which was taken in Mr. Musick's office, Mr. Musick handed Mrs. Darling a copy of the District Court petition he had filed for Beavers and asked her to turn it over to her lawyer. He told her he had "issued about twelve services in this case and (had) not been able to find you anywhere." He asked her to consider this (handing to her of the petition) as a service of the District Court case. After this deposition, it was on May 10, 1971, that the last citation was issued, pursuant to which Mrs. Darling was successfully served on May 12, 1971.

Defendant-Appellee Mrs. Darling moved for a summary judgment (supported by her affidavit) contending in effect that Plaintiff-Appellant Beavers had failed to use diligence as a matter of law in securing service on the Defendant, and that Plaintiff's cause of action was barred by the two year statute of limitation.

Mr. Musick by way of answer to her motion for summary judgment filed his affidavit, some of the statements in which affidavit will be discussed more fully later on in this opinion.

The trial court granted Defendant's Motion for Summary Judgment, decreeing that Plaintiff take nothing.

Plaintiff-Appellant appeals on one point of error, namely, that the trial court erred in holding as a matter of law that Plaintiff had not used due diligence in serving the Defendant with citation. We sustain this contention and reverse and remand the cause to the trial court.

Our Supreme Court has laid down the following rules governing appeals from summary judgments that apply to the case at bar, in Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co. (Tex.Sup.Ct.1965) 391 S.W.2d 41:

"Rule 166A [166–A], Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him (citations). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. (citations). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and *the evidence which tends to support the position of the party opposing the motion is accepted as true.* (citations)." (emphasis supplied).

■ Heretofore in this opinion, the facts have been recounted from the record; however, in applying the above rules laid down by our Supreme Court in *Great American* we are obliged to accept as true the "evidence which tends to support the position of the party opposing the motion." That evidence is found in Mr. Musick's affidavit opposing Defendant's Motion for Summary Judgment. We herewith quote from said affidavit: ".....This case was filed on the 9th of December 1967 and service was requested of the District Clerk's office at the then address of Linda Elaine Nutt Darling, as shown on the information she gave the officer on the police report; 7327 Guadalcanal. That service was returned unexecuted because she moved and left no forwarding address. Later information was received that the Defendant had moved to 8515 Hammerly, Apt. #145. Service was obtained for that address and returned because she had moved and left no forwarding address. Due diligence was taken to attempt to find the Defendant, even requesting from her attorney her address and he would not furnish it. Finally, in the County Court case, first filed by the Defendant, Plaintiff by way of Written Interrogatories obtained another address for the Defendant; 1511 Campbell, Apt. #115, and she *alledged* un-

der oath that she formerly lived at 909 Garner, Apt. #36, and that she worked for the Chevron Oil Company and had previously lived at 8100 West Glen. Service of citation was issued through the District Clerk's office for this address and it was returned unexecuted because she did not live there and did not leave a forwarding address....."

According to the record, all of the addresses of the Defendant at which she lived and worked, from the time of the accident until the time she was served, were in Harris County, Texas, and apparently all were in the city of Houston, Texas. A defendant who moves from one place of residence to another in a large city such as Houston, Texas, (particularly from one apartment to another) without leaving any forwarding address, may well be difficult for a plaintiff to locate and serve. This is particularly true when a defendant happens to be at a time in life when her status is changing from minority to adulthood, from being single to married to divorced, when she changes her work as well as her residence, and such changes are taking place concurrently.

■■ The mere filing of a suit will not interrupt or toll the running of the statute of limitation; to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required. Rigo Manufacturing Co. v. Thomas (Tex.Sup. Ct.1970) 458 S.W.2d 180. The plaintiff must not only file the suit within the statutory period, but there must be a bona fide intention also that process be issued and served and due diligence exercised that such process issue and be served, and the duty to obtain service within a reasonable time is a continuing one. Buie v. Couch (Waco C.A.1939) 126 S.W.2d 565, error refused.

■■ However, the plaintiff is not required to employ the highest degree of diligence in order to toll the statute. He must show only that diligence to procure service that an ordinarily prudent person would have used in the same or similar circumstances. Meyer v. Pecos Mercantile Co. (El Paso C.A.1932) 47 S.W.2d 435, no writ history; McDonald v. Evans (Amarillo C.A.1949) 217 S.W.2d 870, no writ history. The question of whether or not proper diligence has been used is frequently difficult of determination, and no set rule with reference thereto can be laid down. Ordinarily, the question is one of fact for the jury, or for the court when sitting without a jury. *Meyer* and *McDonald*, supra; Gibraltar Savings Assn. v. King (Houston 14th C.A.1971) 474 S.W.2d 758, no writ history. Also see 37 Tex.Jur.2d, "Limitation of Actions," par. 107, p. 264.

■ In the case at bar, we cannot say as a matter of law that Plaintiff-Appellant failed to exercise due diligence in securing service of citation upon Defendant-Appellee. We therefore sustain Appellant's point of error and reverse and remand the cause to the trial court.

Reversed and remanded.