# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00565-CV

**Thelma L. Elam, Appellant**

**v.**

**Tommy Armstrong, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY,
### NO. 05-2822, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Thelma Elam appeals from a summary judgment granted in favor of Tommy Armstrong in a suit she brought to recover for injuries and damages allegedly sustained as the result of a motor vehicle accident. The trial court granted Armstrong's motion for summary judgment on the ground that service of process was untimely. On appeal, Elam argues that the trial court erred in granting summary judgment because (1) it was based on an incorrect statement of the date Armstrong was served and (2) Elam presented evidence that she was diligent in obtaining service. Because we agree that summary judgment was based on an incorrect statement of the date service was perfected and that, based on the correct date of service, a fact issue exists regarding whether Elam was sufficiently diligent in obtaining service, we reverse the trial court's judgment.

**BACKGROUND**

According to Elam's original petition, the events giving rise to her underlying claim occurred on March 14, 2003. She alleges that on that date, she was driving near Belton, Texas, when Armstrong passed her in his truck. Elam further alleges that as Armstrong passed her on the highway, scaffolds and pipe flew out of the bed of his truck and hit her vehicle, damaging the vehicle and injuring Elam. Elam filed suit on March 11, 2005, within the two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 2007).

Elam's process server, James Stewart, stated in a sworn affidavit that he first attempted to personally serve Armstrong with notice of the suit on March 16, 2005. Stewart averred that when he went to the address he had on file for Armstrong, no one answered the door and a neighbor informed him that Armstrong had moved. The neighbor had no additional information regarding Armstrong's new address or the names of any of Armstrong's relatives or friends. On March 21, 2005, Stewart again attempted to personally serve Armstrong, this time at a residential address obtained through an internet search. The owner of the residence informed Stewart that Armstrong had moved and was working out of town, although he frequently traveled back and forth from Belton. Stewart further stated that this individual did not have any additional information about Armstrong's job, the days he came back to town, or the names of any relatives or friends. According to Stewart, he made several subsequent internet searches for Armstrong, but each one produced the same residential address that Stewart visited on March 21.

On November 8, 2005, Elam filed a motion for service by publication and attached Stewart's affidavit detailing his attempts to serve Armstrong. *See* Tex. R. Civ. P. 109 (defendant

2

may be served by publication where trial court finds that opposing party, using due diligence, has been unable to locate defendant). The trial court granted the motion and issued an order stating, "The Court adopts the affidavit of JAMES STEWART as fact and incorporates same as if set forth here at length." This affidavit, which was adopted as fact by the trial court, specifically states, "I have exercised *due diligence* in attempting to locate the whereabouts of TOMMY JACKSON ARMSTRONG and have been unable to do so." (Emphasis added.)

The trial court clerk issued citation for Armstrong for service by publication, and the citation was published in the *Belton Journal* once a week for four consecutive weeks, beginning on November 17, 2005. *See* Tex. R. Civ. P. 116. On March 3, 2006, the trial court appointed an attorney ad litem on Armstrong's behalf. *See* Tex. R. Civ. P. 244 (court shall appoint attorney to defend suit on behalf of defendant served by publication when no answer has been filed or appearance entered within prescribed time). The attorney ad litem filed an original answer and hired a private investigator, who was able to locate Armstrong and obtain a residential address where Armstrong could be served.

Stewart attempted to personally serve Armstrong at the residential address provided by the private investigator seven times from July 6, 2006 to July 13, 2006. He was unable to locate anyone at the residence until his final attempt on July 13, when a woman answered the door and informed him that Armstrong was working in Louisiana, although she did not know the specific location.

On July 26, 2006, Elam filed a motion for substituted service, requesting that notice may be given by leaving a copy of the citation and petition with anyone 16 years of age or older at the residence. *See* Tex. R. Civ. P. 109a. The trial court granted the motion, and Stewart attempted

3

to serve Armstrong by substituted service on July 28, 2006. On this date, however, Armstrong was present at the residence and was personally served.

On May 18, 2007, Armstrong filed a motion for summary judgment, claiming that he was not served within a reasonable time after the date of filing suit and that Elam failed to show that she exercised diligence in obtaining service. The trial court granted summary judgment in favor of Armstrong, and this appeal followed.

In reviewing an order granting summary judgment, we apply a de novo standard of review. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We must take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Id.*

**DISCUSSION**

In her first issue on appeal, Elam argues that summary judgment was improper because it was based on an incorrect statement regarding the date that service of process was perfected. The trial court's order granting summary judgment specifically states, "[S]ervice of Citation and Petition was [not] perfected upon the Defendant Tommy Jackson Armstrong until July 28, 2006," and finds that Elam "has not met her burden of proof in showing that she exercised due diligence, or that the statute should be tolled for other reasons." This statement in the trial court's order is consistent with Armstrong's motion for summary judgment, which states, "Plaintiff did not perfect service of the Citation and Petition until July 28, 2006."

However, the date of service reflected in the trial court's order and Armstrong's motion for summary judgment is contradicted by the record on its face. While Armstrong was not personally served until July 28, 2006, the record reflects that he was served by publication in

4

December 2005, once the citation had appeared for four consecutive weeks in the *Belton Journal*. *See* Tex. R. Civ. P. 116 (citation may be served by publication in newspaper "once each week for four (4) consecutive weeks"). Furthermore, the trial court clearly found that service by publication was sufficient to perfect service because on March 3, 2006, the court appointed an attorney ad litem to act on Armstrong's behalf in an order stating, "The Court finds that *service has been made by publication* for the statutory time and no answer has been filed or appearance entered within the prescribed time . . . ." (Emphasis added.). *See* Tex. R. Civ. P. 244 (court shall appoint attorney ad litem "[w]here service has been made by publication"). Given the court's express finding that Armstrong was served by publication and the evidence in the record that service by publication occurred in December 2005, we hold that the order granting summary judgment, in stating that service was not perfected until Armstrong was personally served on July 28, 2006, was based on an erroneous statement of fact. We sustain Elam's first issue.

In Elam's second issue on appeal, she argues that even if the trial court's order had correctly stated the date service was perfected, summary judgment was improper because the evidence reflects that she acted with due diligence in obtaining service of process. Because we hold that summary judgment was improper on the ground that Elam failed to exercise due diligence, we sustain Elam's second issue and reverse the trial court's order.

A suit for personal injuries must be filed within two years from the date the cause of action accrued. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. However, "a timely filed suit will not interrupt the running of limitations unless the plaintiff exercises due diligence in the issuance and service of citation." *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). If the plaintiff exercises due diligence in effecting service after limitations has expired, the date of service relates back to the date

5

of filing. *Id.* In assessing the plaintiff's diligence, the relevant inquiry is "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Id.* at 216.

As discussed above, service was perfected by publication in December 2005. On November 9, 2005, the trial court issued its order granting Elam's motion for service by publication, specifically adopting as fact the affidavit executed by Stewart, which stated, "I have exercised due diligence in attempting to locate the whereabouts of TOMMY JACKSON ARMSTRONG and have been unable to do so." Therefore, the trial court made an express finding, just a few weeks before service was perfected, that Elam had exercised due diligence in attempting to serve Armstrong.

Furthermore, the explanation provided by Elam's response to the motion for summary judgment was sufficient to create a fact issue regarding whether she had exercised due diligence. By attaching Stewart's affidavit, Elam presented evidence—which the trial court adopted as fact in its order granting the motion for service by publication—that Stewart had tried numerous times to serve Armstrong, visiting two different residences in March 2005, questioning neighbors regarding Armstrong's whereabouts and friends or relatives, and continuing to search the internet for alternate addresses.

A determination of whether a plaintiff was diligent in effecting service is generally a question of fact, and is determined by examining "the time it took to secure citation, service, or both, and the type of effort or lack of effort the plaintiff expended in procuring service." *Id.* Where, as here, the plaintiff provides an explanation for the delay that raises a material fact issue concerning diligence, "the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.*; *see also Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891

6

(Tex. 1975). Because Elam provided an explanation for the delay by presenting evidence of Stewart's thwarted efforts to locate and serve Armstrong, the burden shifted to Armstrong to show why this explanation was insufficient as a matter of law.

Armstrong argues that Elam's explanation was insufficient because she failed to show that any effort was made to effect service between March 21, 2005, the date of Stewart's second attempt to serve Armstrong, and November 8, 2005, when Elam filed her motion for service by publication. We disagree. In an affidavit executed on November 8, Stewart stated that since March 21, he had "tried on the internet on people search" and that this search "still comes up with the 1020 North Penelope, Belton, Texas address," where he had last attempted to serve Armstrong and had been advised that Armstrong no longer lived. While Armstrong contends that this affidavit fails to point out the frequency or extent of Stewart's internet searches, we hold that the fact that searches were made during this time period is sufficient to raise a question of fact regarding Elam's diligence, particularly in light of the trial court's express finding in its November 8 order that Stewart had exercised due diligence in attempting to locate Armstrong. *See Tranter v. Duemling*, 129 S.W.3d 257, 261 (Tex. App.—El Paso 2004, no pet.) (holding that fact issue was raised regarding diligence where defendant moved without leaving forwarding address and process server was forced to spend time "trying to determine another address" for defendant); *Beavers v. Darling*, 491 S.W.2d 711, 714 (Tex. App.—Waco 1973, no writ) ("we cannot say as a matter of law that Plaintiff-Appellant failed to exercise due diligence" in effecting service where attempts at service were thwarted because defendant moved and changed jobs without leaving forwarding information).

Due to Armstrong's failure to show why Elam's explanation for the delay was insufficient as a matter of law, we hold that even if the summary-judgment order had reflected the

7

correct date of service of process, summary judgment was improper on the grounds that Elam failed to exercise due diligence in attempting to serve Armstrong. Elam's second issue is sustained.

**CONCLUSION**

Because we have determined that the order granting summary judgment was based on an incorrect determination of the date service was perfected and that, based on the correct date of service, a fact issue remains on the issue of whether Elam exercised due diligence, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Reversed and Remanded

Filed: August 14, 2008

8