**Jack SELMAN, Appellant,**

v.

**A. E. LYNCH, Appellee.**

No. 524.

Court of Civil Appeals of Texas, Tyler.

Dec. 17, 1970.

Rehearing Denied Jan. 14, 1971.

---

James N. Parsons, III, Law Offices of James R. Paxton, Palastine, for appellant.

Alton King, Palestine, for appellee.

McKAY, Justice.

Appellee Lynch sued appellant on a note for $2,000 dated May 30, 1959, and due September 1, 1959. Suit was filed on October 31, 1961, and citation was issued by the Clerk on the same day. There is no further record of this citation. Another citation was issued by the Clerk on March 8, 1962, and there is no record of this citation being served or returned.

On November 30, 1964, a third citation was issued by the Clerk, and it was served on the appellant by a deputy sheriff the following day, December 1, 1964. Such citation was returned to and filed by the Clerk on December 2, 1964.

Trial was before the Court without a jury and judgment was entered against appellant for the principal amount of $2,000 and interest in the amount of $1,280.

In response to appellant's request, the trial court made and filed his findings of fact and conclusions of law. Among these were findings: (1) that plaintiff instituted his suit with a bonafide intention that process be timely issued and served, and that he exercised due diligence that such process be issued and served; (2) that there was no delay caused by or attributable to the plaintiff or his attorney in the issuance and service of process on the defendant; (3) that there was no negligence on the part of the plaintiff or his attorney in the issuance and service of process on the defendant; (4) that there was no lack of proper diligence on the part of the plaintiff or his attorney in the issuance and service of process on the defendant; (5) that plaintiff instituted his cause of action, evidenced by the note, within less than four years after it accrued, and that said note was not barred by the statute of limitation.

■ Appellant's first point is that the trial court erred in finding that the note was not barred by the four-year statute of limitation, Article 5529, Vernon's Ann.Tex. Civ.St. We sustain this point. It appears to be the settled law in Texas that a plaintiff, upon filing a suit, has a duty to exercise reasonable diligence in perfecting service of process, and that such duty is a continuing one. Universal Wheel Shield, Inc. v. Laco Auto Leasing, Inc., 429 S.W.2d 942 (Tex.Civ.App., Tyler, 1968, n. w. h.); Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628 (1958); Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App., Waco, 1939, writ ref.); Gatlin v. Mason, 459 S.W.2d 200 (Tex.Civ. App., Tyler, 1970, n. w. h.).

■ The Statement of Facts on file here is void of any evidence about the intention of appellee or his attorney concerning process being issued and served, or that there was no delay by plaintiff or his counsel in the issuance and service of process, or that neither plaintiff or his attorney was negligent or lacked proper diligence in the issuance or service of process. If appellee or his attorney made efforts to locate appellant or to direct the sheriff or his deputies how to serve appellant, appellee failed to establish such facts in the record. The only evidence in the record is that suit was filed on October 31, 1961 on a note due September 1, 1959, and that citation was issued on October 31, 1961, again on March 8, 1962, and again on November 30, 1964, and that the last citation was served on appellant on December 1, 1964. Appellant testified he lived in Anderson County all of the time involved herein, though not at the same location, and that he knew the sheriff personally who was in office from 1961 to 1964.

In the case at bar, there was a period of five years and three months from September 1, 1959, the date the cause of action accrued, to December 1, 1964, the date of service on the appellant. There was a period of thirty-seven months after suit was filed before service was had on appellant, and almost thirty months of no action from

the issuance of the second unreturned citation to the issuing of the third citation which was served upon appellant.

The Supreme Court of Texas, through Chief Justice Calvert, in the recent case of Rigo Manufacturing Company v. Thomas, 458 S.W.2d 180 (1970), wrote on the question presented here, as follows:

"This court long ago established the rule that the mere filing of a suit will not interrupt or toll the running of a statute of limitation; that to interrupt the statute, the use of due diligence in procuring the issuance and service of citation is required. See Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645 (1891); City of Gainesville v. Harder, 139 Tex. 155, 162 S.W.2d 93 (1942). This is so even though an applicable special statute, unlike the general statutes, does not require that a suit be both 'commenced' and 'prosecuted' within the limitation period, but only that the suit be 'brought' within the period. Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178 (1935). And, by refusal of writ of error in Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App., Waco, 1939), we approved a holding in a suit on a note that eight and one-third months delay in securing issuance and service of citation was negligence as a matter of law and inconsistent with due diligence. Here, there was a delay of some seventeen and one-half months in securing the issuance and service of proper and effective citation, so that at the time of issuance and service thereof a period of three years and nine months had elapsed since accrual of the causes of action."

■ Appellee insists that appellant did not, by pleading, raise the issues of bonafide intention by appellee to serve appellant, or that appellant was not duly and timely served, or that appellee was not diligent in obtaining service. Appellee further contends that the burden of pleading, proving and securing a finding that the note was barred by limitation was upon appel-

lant. We believe that appellant, under the record in this case, did all that he was required to do by pleading the affirmative defense of the four-year statute of limitation, and that when the failure to timely serve the appellant was shown under the limitation plea, the burden was upon appellee to explain or excuse or justify the delay, if he could. McMullen Oil & Royalty Co. v. Lyssy, 353 S.W.2d 311 (Tex.Civ. App., Austin, 1962, n. w. h.).

Appellant's other points are directed at the trial court's findings and conclusions, and there is no necessity to discuss them.

The judgment of the trial court is reversed and judgment is rendered for appellant.