Tom **ROTELLO** et al., Appellants,

v.

**BRAZOS COUNTY WATER CONTROL &
IMPROVEMENT DISTRICT NO. 1**
et al., Appellees.

No. 16323.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 6, 1974.

Rehearing Denied June 27, 1974.

Sears and Burns, Robert L. Burns, Houston, for appellants.

John M. Barron, Billy M. Payne, Bryan, for appellees.

EVANS, Justice.

This is an appeal from a trial court's order dismissing appellants' suit without prejudice on appellee's plea to the jurisdiction.

Appellee, Brazos County Water Control & Improvement District No. 1, was created by order of the Brazos County Commissioners Court in 1957 and its creation validated by the Texas Legislature in 1959. (Acts 1959, 56th Legislature, 1st C.S., Ch. 10) In 1965 the Legislature by amendment provided for procedures excluding from the District property which would not be benefited by proposed projects. (Acts 1965, 59th Leg., Ch. 529) Under the procedures set forth in the 1965 Act and pursuant to Article 7880–76, Vernon's Ann. Civ.St., a hearing was held on September 8, 1967 to determine what land should be ordered excluded and a nunc pro tunc order of exclusion was entered on January 13, 1968. On October 17, 1967, after the hearing but prior to the entry of the order, an election was held to authorize bonds for the area still included within the District, but no sale was made of such bonds and they were cancelled. On September 24, 1968, another election was held in which the qualified resident voters owning real property within the District voted to authorize issuance of bonds.

In May, 1970, plaintiffs Rotello, Hill and Simons, claiming to be taxpayers and property owners in the District (Hill and Simons claiming also to be qualified voters in the District) filed suit seeking to have the 1965 Act and the order of exclusion declared unconstitutional and void and for injunctive relief with respect to the District's actions under the Act and the order of exclusion. Citation was issued and served upon the Attorney General but citation on the District was withheld and not served until July 17, 1973.

On February 13, 1973, prior to service on the District, the bonds which had been authorized by the election of September 24, 1968 were approved by the Attorney General and registered with the State Comptroller. Article 7880–34, V.A.C.S., in effect until the enactment of the Texas Water Code (Acts of 1971, Section 51.416, V.T.C.A.), provided that any party interested might bring suit questioning the validity of such bonds at any time prior to their registration by the State Comptroller but not thereafter.

On August 1, 1973 appellee District filed a motion to dismiss appellants' suit for want of prosecution asserting that the suit had been pending for over three years with no effort being made to prosecute. On September 12, 1973 appellants Rotello and Hill filed their first amended petition suggesting the death of the plaintiff Simons pendente lite and asserting representation of a class of resident and non-resident property owners and resident qualified voters. Appellants charged that resident qualified voters who did not own property in the District and non-resident property owners were excluded from voting in the election and that the latter would be injured by the taxes levied by the District; they asserted notices of hearing on exclusion and of the meeting of the Board at which the election was ordered were improperly given and that the Act of 1965, the election and the order of exclusion, as well as the bonds issued pursuant thereto, should be declared void.

On October 22, 1973 appellee District filed plea to the jurisdiction, asserting that appellants' petition had not been filed within thirty days after the election as required by Art. 9.03 of the Texas Election Code, V.A.T.S., and that plaintiffs' action was barred by laches and the two year statute of limitations.

On November 12, 1973 hearing was held on appellee's plea to the jurisdiction and after hearing evidence in the case the trial court found:

(a) that the bond election of September 24, 1968 was presumed to be valid and that the appellants were "out of time" in their action not having complied with the laws of the State for revision of elections, the suit having been filed on May 18, 1970 and citation having been withheld until June 17, 1973 as to the District;

(b) that the order of exclusion was presumed valid and that the appellants were out of time for revision or cancellation of the order due to the time lapse mentioned above;

(c) that Article 6252–17, V.A.C.S., was inapplicable to the election or the order of exclusion because "the matters" took place prior to September 1, 1967, the effective date of the public meeting laws and therefore no notices were required to be posted under that Act;

(d) that for the reasons stated in paragraph (c) above there was no merit in appellants' argument that the election of September 24, 1968 was unconstitutional.

The court ordered appellants' case dismissed without prejudice reciting that its judgment was based "on jurisdictional grounds."

Appellants argue that their suit was not brought as a statutory election contest but rather as a suit to enjoin the sale of bonds. They assert that their suit is a challenge of the bonds authorized under Article 7880–34, V.A.C.S., and is not an election contest. We are inclined to agree with appellants'

construction. While appellants' pleading challenges the validity of the 1965 Act, the election and the order of exclusion, the basic relief sought by appellants is injunctive in nature and the primary purpose of appellants' action is to have the District's bonds declared void and to enjoin their sale. See Yoakum County Water C. & I. Dist. v. First State Bank, 449 S.W.2d 775 (Tex.Sup.1969).

Article 7880–34, V.A.C.S., expressly authorizes suit by a party interested to question the validity of bonds issued by a Water District provided it is filed prior to the registration of the bonds by the State Comptroller. The record in this case shows that the bonds were registered by the Comptroller prior to the time the District was made a party to the action by issuance and service of citation.

The record shows that plaintiffs' original petition was filed on May 18, 1970 and that the Attorney General's answer of general denial was filed on June 9, 1970; that on May 21, 1970, appellants' original counsel wrote to the District Clerk requesting that he hold citation on the District until it could be "confirmed where it is to be served"; that on July 17, 1973 citation and service of plaintiffs' petition on the District was effected by serving William J. Terrell, a member of the District's board of directors since 1968.

The record also reflects that the bonds were approved by the Attorney General on February 12, 1973 and registered by the Comptroller of Public Accounts on February 13, 1973. This evidence was uncontroverted and received without objection.

Appellants do not apparently contend the District was not an indispensable party to their action questioning the bonds. See McDonald, Texas Civil Practice, Revised 1965, Vol. 4, § 3.16; 64 Am.Jur.2d, § 507, p. 525. See also Lockhart v. Snyder, 139 Tex. 411, 163 S.W.2d 385 (1942); Lowe v. City of Del Rio, 132 Tex. 111, 122 S.W.2d 191 (1938).

Although plaintiffs' petition was filed almost three years prior to the registration of the bonds, service of citation on the District was not sought until five months thereafter. Appellants permitted some 38 months to elapse between the time of the filing of their petition and the issuance and service of citation upon the District.

■■■ It is settled law in Texas that a plaintiff, upon filing suit, has a duty to exercise reasonable diligence in perfecting service of process and such duty is a continuing one. Selman v. Lynch, 461 S.W.2d 452 (Tex.Civ.App.—Tyler, 1972, writ ref'd n.r.e.); Buie v. Couch, 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd). The trial court could justifiably conclude, as a matter of law, that a delay of 38 months in securing issuance and service of citation was not the exercise of reasonable diligence. Rigo Manufacturing Co. v. Thomas, 458 S.W.2d 180 (Tex.Sup.1970); Buie v. Couch, supra. The record is devoid of any showing of justification or excuse for such delay and the burden, in this respect, rested upon appellants. Selman v. Lynch, supra, 461 S.W.2d at p. 454. The filing of appellants' original petition and service upon the Attorney General did not, in our opinion, negate the duty of appellants to exercise reasonable diligence in obtaining issuance and service of citation on the District, a primary and indispensable party. See Rule 22, Texas Rules of Civil Procedure; Travelers Insurance Co. v. Brown, 402 S.W.2d 500, 503 (Tex.Sup. 1966); Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733, 737 (Tex.Civ.App.1932).

The statutory basis for appellants' suit questioning the validity of the bonds is Article 7880-34, V.A.C.S. In Yoakum County Water C. & I. Dist. v. First State Bank, supra our Supreme Court said of this statute (449 S.W.2d at p. 779);

"The Legislature has herein delegated to the Attorney General the duty of determining the validity of the bonds which necessarily includes a determina-

tion of whether a bond election was held and such determination is conclusive unless the contestant files suit before the bonds are registered with the State Comptroller.

"Art. 7880 provides only two methods for contesting a bond issue:

"(1) Suit filed by the contestant prior to registration of the bonds with the State Comptroller. (Art. 7880-34).

"(2) Quo warranto proceedings by the State of Texas, through the Attorney General upon his own motion or upon the motion of any other person if good cause is shown. (Art. 7880-25a).

These two methods are exclusive of all others. Since the petitioners did not follow the prescribed procedure for contesting the bond issue or bond election, they are thereby precluded from raising the 'no election' defense in this suit. In Slater v. Ellis County Levee Improvement District No. 9, 120 Tex. 272, 36 S.W.2d 1014 (1931), the petitioners denied that there had been a legal issuance of bonds because there had been no legal election, although there may have been some form of an election wherein none of the voters nor election officials were qualified (in effect, no election was held for the qualified voters). The court said, 'The remedy given by the statutes * * * for contesting elections of this character for irregularities or fraud is exclusive of all others.' "

■■■ The evidence is uncontroverted that appellants did not comply with a requisite of this statute, i.e., the institution of suit against the District prior to the date of the registration of the bonds by the Comptroller. The trial court, therefore, properly dismissed appellants' action insofar as it sought to question the validity of such bonds. See also Simpson v. City of Nacogdoches, 152 S.W. 858 (Tex.Civ.App.— Galveston 1912, writ dism'd); see also

McDonald, Texas Civil Practice, Revised 1971, Vol. 4, § 17.20, p. 103.

■ While the trial court's judgment does not expressly recite that one of the bases for its order was the failure of appellants to bring their action prior to the registration of the bonds by the State Comptroller, its order does reflect that it found no justification or excuse for appellants' failure to serve the District. Having concluded that the trial court properly ordered appellants' case dismissed insofar as it sought to question the validity of the bonds, we must affirm the trial court's judgment in that respect regardless of the legal conclusions given in its order as the bases for its judgment. See Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939); Trinity River Authority of Texas v. Texas Water Rights Commission, 481 S.W.2d 192 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.); Schenker v. City of San Antonio, 369 S.W.2d 626 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.).

Since suit had not been effectively instituted against the District prior to the registration of the bonds by the Comptroller, the court below had no authority to entertain the action under the provisions of Article 7880–34, V.A.C.S. In their brief appellants candidly concede that their attack on the order of exclusion is "simply an integral part of" their action under Article 7880–34, questioning the validity of the bonds. The uncontroverted facts show that there could be no compliance with Article 7880–34 since the bonds had been registered prior to the time the District was served. The trial court properly determined as a matter of law that it was without authority insofar as appellants sought to challenge the validity of the bonds. The order of dismissal was therefore proper in that respect. See Kelsey v. Hill, 433 S.W.

2d 241 (Tex.Civ.App.—Texarkana 1968, n. w.h.); Rule 39, T.R.C.P.

■ In their first amended original petition, which was before the court upon the hearing of appellee's plea to the jurisdiction, appellants alleged that despite the fact that the District did not own and had never owned any public works requiring maintenance, it had levied a maintenance tax and bond tax for the year 1960 and each year thereafter, and prayed that the District be enjoined from collecting such maintenance and bond taxes and that it be compelled to render an accounting of all tax funds collected during its existence. As to these allegations and relief sought, appellants do not question the validity of the bonds but seek injunction and accounting for alleged illegal levy, collection and expenditure of tax funds. We are of the opinion the trial court had jurisdiction of appellants' suit insofar as it sought such relief. See Fletcher v. Howard, 120 Tex. 298, 39 S.W.2d 32 (1931); Petty v. McReynolds, 157 S.W. 180 (Tex.Civ.App.—Galveston 1913, writ dism'd); Spears v. City of South Houston, 137 S.W.2d 197 (Tex.Civ.App.—Galveston 1940, aff'd 136 Tex. 218, 150 S.W.2d 74); see also Gillham v. City of Dallas, 207 S.W.2d 978 (Tex.Civ.App.—Dallas 1948, writ ref'd n. r.e.). The trial court erred in not severing this phase of appellants' case and in ordering the entire case dismissed. We therefore sustain appellants' point of error number four.

We affirm the judgment of the trial court insofar as it ordered appellants' suit challenging the validity of the bonds dismissed without prejudice and reverse and remand to the trial court for further proceedings that portion of appellants' action which seeks injunctive relief and accounting with respect to levy, collection and expenditure of tax funds.