Alma Lee EVANS, Appellant,

v.

FORT WORTH STAR TELEGRAM and Kathy Lee Keys, Appellees.

No. 17811.

Court of Civil Appeals of Texas, Fort Worth.

March 18, 1977.

Law Offices of George Busch, Fort Worth, for appellant.

Kelly & Walker, and Jearl D. Walker, Fort Worth, for appellees.

OPINION

HUGHES, Justice.

This is an appeal from a summary judgment granted the Fort Worth Star Tele-

gram, severing and dismissing it as defendant to the personal injury suit brought against Telegram and Kathy Lee Keys by Alma Lee Evans. Evans claimed Keys was acting in the course and scope of her employment as an employee of Telegram at the time of the automobile wreck in which Evans was injured. Trial court found Keys was an independent contractor and not an employee of Telegram in that there was no genuine issue of any material fact as between Evans and Telegram.

We reverse.

Telegram's motion for summary judgment was accompanied by a Xerox copy (uncertified) of an agreement between it and Keys for Keys to deliver missed copies of its newspapers each day between specified hours. The agreement copy designated Keys as an "independent contractor." Also filed with the motion was an affidavit by Keys to the effect that she was not an employee of Telegram and that the agreement attached was identical to the one she made with Telegram. Evans filed nothing in opposition to the motion.

We find it to be well established that the test for determining a master-servant relationship is the right of control of the details of the work to be performed. *Newspapers, Inc. v. Love,* 380 S.W.2d 582 (Tex.1964).

Equally well established is the rule that the burden of proof is on the movant in summary judgment proceedings and that all doubts as to the existence of a genuine issue as to a material fact must be resolved against him and that the evidence must be viewed in the light most favorable to the party opposing the motion. Tex.R.Civ.P. 166–A.

Also, evidence favoring the movant's position is not considered unless uncontradicted. Even then, if such evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904 (1942). This exception is particularly true where opposing party has the means and opportunity to disprove the testimony, if untrue, and does not do so. 4 McDonald, *Texas Civil Practice* (1971 Rev.) § 17.26.12 (Summary Judgment—IV Determination of Motion).

In this case the summary judgment has to stand on the affidavit of Keys, a party to the suit. She is an interested witness to the fact as to whether she was the servant of Telegram at the time of the collision. Evans did not have the means to disprove this type of testimony as it was based on facts peculiarly known to Keys and to Telegram. Trial court had to accept the evidence of Keys as true and thereby pass on her credibility. This the trial court could not properly do. *Republic Insurance Co. v. State Farm Insurance Co.,* 416 S.W.2d 557 (Tex.Civ.App.—Fort Worth 1967, no writ). *Randell v. Lubbock National Bank,* 453 S.W.2d 860 (Tex.Civ.App.—Eastland 1970, no writ).

We hold that there is a material fact issue as to whether a master-servant relationship existed between Keys and Telegram at the time of the collision. We order that the Fort Worth Star Telegram be reinstated as a defendant in this cause in the trial court.

Reversed and remanded.