**R. S. GERMANY et ux., Appellants,**

v.

**FRANK G. LOVE ENVELOPES, INC.,
et al., Appellees.**

No. 8684.

Court of Civil Appeals of Texas,
Texarkana.

May 8, 1979.

Rehearing Denied June 19, 1979.

Lawrence E. Ackels, Jr., Ackels, Ackels & Ackels, Dallas, for appellants.

Roy C. Coffee, Jr., Coffee & Coffee, Dallas, for appellees.

HUTCHINSON, Justice.

This is a suit for damages for malicious prosecution and for the conversion of personal property. Appellant, Germany, appeals from a summary judgment that he take nothing by reason of his suit against appellee, Love.

In November of 1969, appellee's place of business was burglarized and a number of blank checks were stolen. At the time of the burglary, Germany was an employee of Love working at the premises where the burglary occurred. A few months after the burglary, Love was notified that one of the stolen checks had been forged and passed at a nearby store. Love and one of his employees went to the store and were shown a photograph of the person passing the check. Love took this photograph to the police and identified the person depicted in the photograph as one of his employees. While at the police department, Love and his employee were shown another photograph of another person negotiating another of the stolen and forged checks. The identity of the police officer or officers showing this photograph was not shown by the summary judgment proof. According to Love's summary judgment proof (his deposition and affidavit) he and his employee thought that the man in the second photograph might be Germany and requested and received permission to take the photograph to show to other of his employees.

After doing this, he learned that the person depicted in the photograph was yet another employee. Love states that the police department was so advised. Love's summary judgment evidence does not disclose the identity of the officer he talked to.

Love, by his affidavit and deposition, states that the police officer he talked to, after being advised that Germany was not the man shown in the photograph, still requested that he notify the police when Germany reported for work. This was done and Germany was arrested in Love's office. At the time of this arrest, Germany was wearing his tool belt filled with his tools and was directed to leave them with Love. In his deposition testimony Love admits to having given the belt and some of the tools to other employees.

Germany remained in jail for some three months before being able to make bond. After his release he moved from the state and was rearrested in the latter part of 1974 and again placed in jail where he remained for an additional three and one-half months. In February of 1975 an assistant district attorney called Love and was told that Germany was not the person shown in the photograph. Love then, at the request of the assistant district attorney, signed an instrument to that effect and Germany was released and the charge dismissed.

According to Love's affidavit and deposition, he never signed a complaint charging Germany with the offense and did not appear before the grand jury that returned the indictment.

As part of his opposition to Love's motion, Germany offered the deposition testimony of an attorney certified by the State Bar of Texas as a specialist in criminal law who had been appointed by the court to represent him. This attorney testified that he talked to Love by telephone after Germany had been incarcerated the second time. In this conversation Love told him that he knew the picture was not of Germany but that he thought Germany knew something about the theft of the checks and should stay in jail. Love does not recall any

conversation with any attorney representing Germany. Appellant also offered the sworn statement of the attorney who finally secured his release and dismissal of the charge. This affidavit contains statements allegedly made by Love that would constitute admissible evidence upon the issue of malice on his part. The making of these statements is also denied.

Rule 166–A(c) of the Texas Rules of Civil Procedure by amendment effective January 1, 1978, now specifically provides that a summary judgment may be based on uncontradicted evidence of an interested witness if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies and could have been readily controverted. Prior to this amendment a similar test was applied. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965). There the court said:

> "If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony."

The summary judgment proof offered by appellee even though it may be "clear, positive and direct" must be examined in light of the remaining portions of the rule. That is, is it otherwise credible and free from contradictions and inconsistencies and could have been readily contradicted?

The essential elements of a cause of action for malicious prosecution are set forth in *Flowers v. Central Power & Light Co.*, 314 S.W.2d 373 (Tex.Civ.App. Waco 1958, writ ref'd n. r. e.). These elements are: (1) the commencement of a criminal prosecution against appellant; (2) the criminal prosecution was caused by appellee *or* through appellee's aid or cooperation; (3) the criminal prosecution terminated in favor of appellant; (4) appellant was innocent; (5) there was no probable cause for such proceeding; (6) that it was done with malice; (7) and resulted in damage to appellant. Appellee here contends that ele-

ments numbered (2), (5) and (6) are lacking in appellant's asserted cause of action and that the summary judgment was properly granted since it was shown that at least one of the above elements was absent from the summary judgment proof. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970). There the court stated:

> ". . . In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action. . . ."

In reviewing the summary judgment proof this Court is mindful that the burden of proof is upon the movant and all doubts as to the existence of a genuine issue of a material fact must be resolved against the movant. The summary judgment evidence must be viewed in the light most favorable to the party opposing the motion and if the motion involves the credibility of the movant the motion should be denied. *Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, supra. As has been noted, appellee's summary judgment proof was not free from contradictions (deposition and affidavit of appellant's defense attorneys) and since the identity of the members of the police department with whom appellee was in contact at the beginning of the prosecution was not available to appellant, appellee's summary judgment proof could not have been readily controverted by appellant. See *Evans v. Fort Worth Star Telegram*, 548 S.W.2d 819 (Tex.Civ.App. Fort Worth 1977, no writ), wherein it was held that the uncontradicted testimony of a co-defendant even though clear, direct and positive, raised no more than a fact issue since the plaintiff did not have the means to disprove the same as it was based upon facts peculiarly known only to the co-defendants. Appellee's credibility as a witness was called into question by the con-

flicting summary judgment evidence and portions of his proffered proof could not have been readily contradicted as required by the rule. Therefore, the summary judgment motion should not have been granted.

Appellant's alleged cause of action for the conversion of his tool belt and tools was not the subject of the motion for summary judgment. The after judgment tender into the trial court of a tool belt and some tools was ineffective to deprive appellant of his stated cause of action for the conversion of his belt and his tools.

The judgment of the trial court is reversed and the cause remanded for trial.