Stan HERMAN, Appellant,

v.

SHELL OIL COMPANY and Motiva Enterprises, L.L.C., Appellees.

No. 14–01–01024–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 2002.

Ben A. Baring, Paul J. McConnell III, Houston, for appellant.

Mark S. Finkelstein, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION ON REHEARING

SCOTT BRISTER, Chief Justice.

In this case we must decide how many gas stations may be fitted on a commercial tract in northwest Houston. Appellant, Stan Herman, appeals from a summary judgment in favor of Shell Oil Company and Motiva Enterprises LLC ("Shell") that allowed only one. We withdraw our previous opinion of October 24, 2002, and issue this opinion in its place affirming that judgment.

The parties through their able attorneys entered a stipulation that discloses the following undisputed facts. In early 1983,

Empire Properties Corporation granted Shell an option to buy a strip of land measuring .6887 acres in Harris County. The option provided that if Shell exercised it, no other gas stations would be allowed on a surrounding eight-acre tract owned by Empire.

In late 1983, Empire sold about 33 acres (including the option tract) to John S. Beeson, Trustee, with the deed made expressly subject to Shell's option. In 1984, Beeson sold all of the properties to Corum Development Company, L.P., again with a deed expressly subject to Shell's option. In March 1985, Corum transferred approximately twenty acres to Corum/Mico Joint Venture, again with a deed expressly subject to Shell's option.[1]

On July 17, 1985, Corum Development deeded the .6887 acre tract to Shell.[2] The deed contained a restriction on gas stations that purported to extend to all of Corum/Mico's twenty acres, rather than just the eight acres originally covered by the option. This deed, like the others, was recorded soon after the transaction.

In July 1989, Corum/Mico Joint Venture conveyed its twenty acres to Westside Exchange Accommodators, L.L.C. Unlike all previous deeds, this one made no reference to the restriction on gas stations that appeared in the option or the prior deeds. On the same day it closed on the properties, Westside reconveyed them to appellant Herman, again without reference to any restriction on use.

Herman subsequently developed the property as a shopping center called Corum Station. According to Herman, his largest tenant, a Randalls supermarket,

1. Apparently this transfer did not include the .6887 acre Shell tract, as Corum Development conveyed that tract to Shell four months later. Thus, Corum/Mico never held record title to the Shell tract.

2. Although it was not in the parties' stipulation, it appears that Shell exercised the option on July 12, 1983, but for unexplained reasons did not receive a deed until two years later.

refused to renew its lease in 1998–99 because it could not develop a gas station on the premises. In 1999, Herman sued Shell to declare the 1985 restriction inapplicable to his property. He later supplemented his petition to claim $2 million in damages for slander of title and cloud on title due to the loss of the Randalls lease. Both parties moved for summary judgment,[3] and the trial court entered judgment that the land-use restriction applied to eight acres of the tract owned by Herman.

■ Because the trial court stated no reasons, we must affirm on any ground advanced in the motions. *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). Because both sides moved for summary judgment, we review all motions, determine all questions presented, and may render the judgment the trial court should have rendered. *Id.*

### The Matter in Controversy

■ In its brief, Shell argues this appeal is moot, as it has abandoned the restriction on gas stations after this appeal was filed. The record does not disclose the nature or terms of this waiver. But as Herman points out, this does not dispose of his claim for damages for slander of title. Thus, we hold this appeal is not moot. *See Williams v. Lara*, 52 S.W.3d 171, 185 (Tex.2001) (holding appeal is not rendered moot when damage claims remain).

### Herman as a Bona Fide Purchaser

■ Herman first argues that he had no notice of Shell's option as it did not appear in his deed from Westside, nor in the deed Westside received from Corum/Mico. But any mistake these latter entities may have made in drafting their deeds could not have invalidated Shell's rights. Purchasers are charged with knowledge of the provisions of recorded instruments that form an essential link in their chain of ownership. *Cooksey v. Sinder*, 682 S.W.2d 252, 253 (Tex.1984). If the rule were otherwise, interests in real estate could be made to disappear by the simple expedient of eliminating them from later deeds. Herman cannot claim lack of notice, as it is undisputed the option was in his chain of title.

■ Herman also argues that because the actual deed to Shell was signed by Corum Development after it had transferred the adjacent properties to Corum/Mico Joint Venture, his interest (derived through Corum/Mico) passed without encumbrance of the use restriction. In effect, Herman is again arguing that the restriction is not valid as it was not in *his* deed. But while the provision in Corum's deed to Shell may have been outside his chain of title, the pre-existing option was not. A review of the deed records would have shown the property was subject to the exercise of Shell's option, and a reasonable inspection of the deed records (or the property itself) would have shown Shell had. As a matter of law, Herman had constructive notice of the Shell option and the restriction on his property.

■ Finally, Herman argues that Shell cannot rely on the option agreement as it was merely a *promise* to impose a restriction rather than a restriction itself. Of course, either would create a valid cloud on Herman's title and defeat his claim for damages. Moreover, even assuming Corum Development could not place a restriction on the surrounding acreage in 1985 because it had transferred that property to its joint venture, this does not

---

**3.** Although Shell titled its motion a "Motion for Declaratory Judgment," the parties and the court agreed to treat it as a summary judgment motion.

defeat Shell's right to enforce the option it paid for and recorded. In the original option, Empire promised for itself *and its successors* that a restriction would be granted upon the covered eight acres. The trial court's judgment accomplished nothing more.[4]

### Strict Compliance with Option Agreement

■ Herman further attempts to avoid the presence of the option in his chain of title by arguing Shell failed to exercise the option in accordance with its terms. He is correct that Shell and Corum extended the restriction's coverage beyond the eight acres noted in the original option, and shifted part of the cost of the owner's title policy to Shell. But he is incorrect that this renders the option void.

■ Generally, a party to an option to purchase real property may enforce that option only by strict compliance with the terms of the option. *See Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555, 558 (1961). But that does not mean the parties to an option cannot modify the option or the terms of the underlying sale by mutual agreement. *See Humble Oil & Refining Co. v. Westside Investment Corp.*, 428 S.W.2d 92, 94–95 (Tex.1968). As the extension of the use restriction from eight to twenty acres occurred after the transfer to Corum/Mico, it is doubtful this could prejudice Herman's interest. But Shell only sought to enforce the restriction against the eight acres originally burdened, and the trial court's judgment extended only that far. As any modification of the option terms between Shell and

Corum did not change the restriction on this acreage, Herman has no basis to object.

Herman's sole issue is overruled, and the judgment is affirmed.

---

4. Herman argues that no restriction could be imposed now because of limitations. First, Herman never pleaded limitations in the trial court. Second, Shell had no reason to sue in 1985—the seller promised in the option to include the land-use restriction in Shell's deed, and it did. Shell had no reason to suspect any legal injury until its right to restrict gas stations on the adjacent acreage was questioned, which did not occur until Herman filed his declaratory action in 1999.