ACCEPTED
03-15-00039-CV
4804097
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 10:57:45 AM
JEFFREY D. KYLE
CLERK

## CAUSE NO. 03-15-00039-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/8/2015 10:57:45 AM
JEFFREY D. KYLE
Clerk

# IN THE COURT OF APPEALS
# FOR THE THIRD JUDICIAL DISTRICT
# AUSTIN, TEXAS

## AVALON INVESTMENTS, LLC,
### Appellant,
### vs.

## JEAN PENICK SPILLER,
### Appellee.

## BRIEF FOR APPELLANT

## ORAL ARGUMENT REQUESTED

Arthur G. Vega
State Bar No. 20533600
LAW OFFFICES OF ARTHUR G. VEGA
419 S. Main, Suite 301
San Antonio, Texas 78204
Telephone No.: (210) 224-8888
Fax No.:        (210) 225-7751
E-mail: artavega@yahoo.com

## ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

**Plaintiff-Appellant**

Avalon Investments, LLC

**Defendant-Appellee**

Jean Penick Spiller

**Counsel for Intervenors-Appellants**

Arthur G. Vega
State Bar No. 20533600
Law Offices of Arthur G. Vega
419 S. Main, Suite 301
San Antonio, Texas 78204
Telephone No.: (210) 224-8888
Fax No.:          (210) 225-7751
E-mail: artavega@yahoo.com

**Counsel for Defendant-Appellee**

Andrew Oliver
State Bar No. 24046556
Oliver Law Office
9951 Anderson Mill Road, Suite 201
Austin, Texas 78750
Telephone No.: (512) 233-1103
Fax No.:          (512) 551-0330
E-mail: aoliver@oliverlawoffice.com

i

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ................................. i

TABLE OF CONTENTS ............................................. ii

INDEX OF AUTHORITIES .......................................... iii-iv

STATEMENT OF THE CASE ....................................... 1-5

ISSUES PRESENTED ............................................... 5

STATEMENT OF FACTS ............................................ 5-6

SUMMARY OF THE ARGUMENT ............................... 6-8

ARGUMENT ....................................................... 8

      Issue No. 1 ................................................... 8-13

CONCLUSION ..................................................... 13

PRAYER ........................................................... 13

CERTIFICATE OF SERVICE ...................................... 14

CERTIFICATE OF COMPLIANCE ............................... 15

APPENDIX ......................................................... 16

# INDEX OF AUTHORITIES

Cases                                                                    Page

Aston Meadows, LTD. v. Devon Energy Production
    Company, L.P., 359 S.W.3d 857,859
    (Tex App- Forth Worth, 2012) ....................................... 9, 10, 12

Beaumont-Enterprise & Journal v. Smith, 687 S. W. 2d 729
    (Tex. 1985)....................................................... 7

Beavers v. Darlin, 491 S.W. 2d. 711 (Tex. Civ. App. – Waco 1973,
    no writ)....................................................... 7

City of Houston v. Clear Creek Basin Authority, 589 S.W. 2d 671,
    675-79 (Tex. 1979) ..................................... 7, 8, 9

Evans v. Fort Worth Star Telegram, 548 S.W. 2d 819 (Tex. Ct. App. –
    Ft. Worth 1977 writ ref'd  n.r.e.)................................ 7

Great American R. Ins. Co. V. San Antonio Pl. Sup. Co. 391 S.W. 2d
    41  (Tex. 1965)...................................................... 7

Hahn v. Love, 321 S.W.3d 517, 527 (Tex. App.-Houston [1st Dist]
    2009) ..................................................... 10

Herman v. Shell Oil Company,  93 S.W.3d 605, 608 ( Tex. App.-
    Houston [14th Dist] 2002) ........................... 10, 11

Noble Mortgage & Investments, LLC v. D 7 M Vision Investments,
    LLC, 340 S.W. 3d 65, 75, (Tex. App.-Houston [1st Dist] 2011) .... 9

Sabine Pilot Service, Inc. v. Hauch 687 S.W.2d 733, 734 (Tex.
    1985) ........................................................ 7

Swilley v. Hughes, 488 S. W. 2d 64  (Tex. 1972)........................... 7

Travis City v. Pelzel & Assocs., 77 S. W. 3d 246 (Tex. 2002)............... 8

Tuggle v. Cooke, 277 S.W.2d 729, 732 (Civ. App.-Forth Worth, 1955, ref. n.r.e.) ...................................................... 10

United Blood Servs v. Longoria, 938 S. W. 2d 29, 30 (Tex. 1997)............ 8

Wilcox v. St. Mary's University, 531 S. W. 2d 589, 593 (Tex. 1975)......... 7

**Rules**

Section 13.002, Texas Property Code ........ ............................ 7, 9, 11

CAUSE NO. 03-15-00039-CV

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
AUSTIN, TEXAS

AVALON INVESTMENTS, LLC,
Appellant,

vs.

JEAN PENICK SPILLER,
Appellee.

BRIEF FOR APPELLANT

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellant, AVALON INVESTMENTS, LLC (hereinafter referred to as

"Appellant") files the following brief in support of its appeal of the judge's

judgment and would respectfully show this Honorable Court as follows:

## STATEMENT OF THE CASE

This is an appeal from a summary judgment rendered by Judge Richard

Bruce Boyer granting Appellee's traditional motion for partial summary

judgment against Appellant. (CR, P. 138-139). This is an alleged wrongful/ illegal

foreclosure by Defendant, John Kimbro in Cause No. 08-0128. (CR, P. 4-35). On

1

October 27, 2010, Appellant filed its Fourth Amended Original Petition adding Appellee as a defendant. (CR, P. 4-35).

The Appellant, AVALON INVESTMENTS, LLC is a California limited liability company doing business in Texas. (CR P. 4). On November 17, 2006, the Appellant purchased 30.485 acres of land out of the M.B. SURVEY and R.T. HUGHES SURVEY located in Hays County, Texas (hereinafter referred to as the "Property"). (CR P. 5). The consideration for the sale of the Property was a promissory note for $360,000.00 dated November 15, 2006 (hereinafter referred to as the "Promissory Note") and secured by a Deed of Trust (hereinafter referred to as the "Deed of Trust"). (CR P. 5).

On December 22, 2006, Defendant, John Kimbro in Cause No. 08-0128 (hereinafter referred to as "Defendant, Kimbro") executed a Collateral Transfer of Note (Security Agreement) thereby transferring, assigning and conveying unto JHX2, Ltd, a Texas Limited Partnership (hereinafter referred to as "JHX2, Ltd.") said Promissory Note together with all renewals, extensions and rearrangements thereof, and all liens, rights, titles, equities and interests securing said Promissory Note. (CR P. 16-25). Said Collateral Transfer of Note (Security Agreement) was filed and recorded with the Hays County Deed Records on December 27, 2006. (CR P. 25).

2

On or about December 3, 2007, Defendant, Kimbro instructed and directed Joseph J. Malone, Substitute Trustee to commence and file a Notice of Foreclosure Sale on the Property at the Hays County Courthouse. Such Notice of Foreclosure was filed and posted at the Hays County Courthouse on December 3, 2007. (CR P. 27-32). The foreclosure of the Property to occur on January 1, 2008 at the steps of the Hays County Courthouse. (CR P. 6, 27).

The consent mandated under the Collateral Transfer of Note was not obtained by Defendant, Kimbro prior to the posting of the Property for foreclosure on December 3, 2007. In fact, such consent was given through a Consent of Secured Party dated December 31, 2007 and signed by John C. Hambrick, as Sole General Partner of JHX2 GP, Inc. (CR P. 119-124). Said Consent of Secured Party was filed and recorded with the Hays County Deed Records. (CR P. 119-124). Additionally, in an attempt to rectify the legal problem created for the January 1, 2008 foreclosure, on December 31, 2007, John C. Hambrick, as Sole General Partner of JHX2 GP, Inc. signed a Release of Collateral Transfer of Note. (CR P. 126-131). Said Release of Collateral Transfer of Note was also filed and recorded with the Hays County Deed Records. (CR P. 126-131).

On January 1, 2008, Defendant, Kimbro purchased the Property at the foreclosure sale. (CR P. 34-35). Defendant, Kimbro acquired title to the property

through a Substitute Trustee's Deed dated January 2, 2008. (CR P. 34-35). Said Substitute Trustee's Deed was filed and recorded with the Hays County Deed Records. (CR P. 34-35).

On January 9, 2008, Defendant, Kimbro sold and Appellee, Spiller purchased an undivided one-half (1/2) interest in the Property for $ 400,000.00. (CR P. 38). On January 9, 2008, Defendant, Spiller became and had an ownership interest in the Property. Defendant, Spiller's title ownership interest derives from the title interest Defendant, Kimbro obtained from the foregoing foreclosure sale. (CR P. 34-35).

On January 8, 2013, Appellee filed her First Amended Original Answer denying the allegations and raising an affirmative defense. (CR, P. 36-37). On July 31, 2013, Appellee filed her Traditional Motion for Partial Summary Judgment on Her Bona Fide Purchaser Affirmative Defense against Appellant. (CR, P. 38-67). On September 12, 2013, Appellant filed its Response to Appellee's Traditional Motion for Partial Summary Judgment on Her Bona Fide Purchaser Affirmative Defense. (CR, P. 68-131). On September 19, 2013, Appellee filed her reply to Appellant's Response to Appellee's motion for partial summary judgment. (CR, P. 132-135). On November 6, 2013, a hearing was held on Appellee's motion for partial summary judgment at which time Judge Richard B. Boyer granted said partial motion for summary judgment. (CR, P. 138-139). On

August 13, 2014, Judge Richard B. Boyer signed the Order granting Appellee's partial motion for summary judgment. (CR, P. 138-139). On September 17, 2014, Appellee filed her Motion to Sever. (CR, P. 140-142). On October 23, 2014, Judge Richard B. Boyer signed an Order granting Appellee's Motion to Sever. (CR, P. 143-144). On November 20, 2014, Appellant filed its motion for new trial. (CR, P. 145-156). Appellants' motion for new trial was overruled by operation of law on January 6, 2015. On January 20, 2015, Appellant filed its Notice of Appeal with the Hays County District Clerk (CR, P. 157-158).

## ISSUES PRESENTED

**1.** The District Court erred in granting Appellee's Traditional Motion for Partial Summary Judgment on Her Bona Fide Purchaser Affirmative Defense.

## STATEMENT OF FACTS

On January 9, 2008, Appellee, Spiller purchased an undivided one-half (1/2) interest in the Property for $ 400,000.00. (CR P. 38). On January 9, 2008, Defendant, Spiller became and had an ownership interest in the Property.

Defendant, Spiller's title ownership interest derives from the title interest Defendant, Kimbro obtained from the foregoing foreclosure sale. (CR P. 34-35).

On January 8, 2013, Appellee filed her First Amended Original Answer denying the allegations and raising an affirmative defense. (CR, P. 36-37). On July 31, 2013, Appellee filed her Traditional Motion for Partial Summary Judgment

5

on Her Bona Fide Purchaser Affirmative Defense against Appellant. (CR, P. 38-67). On September 12, 2013, Appellant filed its Response to Appellee's Traditional Motion for Partial Summary Judgment on Her Bona Fide Purchaser Affirmative Defense. (CR, P. 68-131). On September 19, 2013, Appellee filed her reply to Appellant's Response to Appellee's motion for partial summary judgment. (CR, P. 132-135). On November 6, 2013, a hearing was held on Appellee's motion for partial summary judgment at which time Judge Richard B. Boyer granted said partial motion for summary judgment. (CR, P. 138-139). On August 13, 2014, Judge Richard B. Boyer signed the Order granting Appellee's partial motion for summary judgment. (CR, P. 138-139). On September 17, 2014, Appellee filed her Motion to Sever. (CR, P. 140-142). On October 23, 2014, Judge Richard B. Boyer signed an Order granting Appellee's Motion to Sever. (CR, P. 143-144). On November 20, 2014, Appellant filed its motion for new trial. (CR, P. 145-156). Appellants' motion for new trial was overruled by operation of law on January 6, 2015. On January 20, 2015, Appellant filed its Notice of Appeal with the Hays County District Clerk (CR, P. 157-158).

## SUMMARY OF THE ARGUMENT

The general rule of law in Texas is that a summary judgment is sustainable only if the movant has conclusively established that there is no genuine issue as to a material fact, and that the movant is entitled to judgment as a matter of law.

Sabine Pilot Service, Inc. v. Hauch, 687 S.W. 2d 733, 734 (Tex. 1985); City of Houston v. Clear Creek Basin Authority, 589 S.W. 2d 671, 675-79 (Tex. 1979); Swilley v. Hughes, 488 S.W. 2d 64 (Tex. 1972). Furthermore, all doubts as to the existence of a genuine issue as to a material fact must be resolved against the movant for summary judgment to be granted. Evans v. Forth Worth Star Telegram, 548 S.W. 2d 819 (Tex. Ct. App. --Ft.Worth 1977 writ ref'd .n.r.e.); Great American R. Ins. Co. V. San Antonio Pl. Sup. Co. 391 S.W.2d 41 (Tex. 1965); and Beavers v. Darlin, 491 S.W. 2d. 711 (Tex. Civ. App. --Waco 1973, no writ), and every reasonable inference must be made in favor of the non-moving party. Beaumont-Enterprise & Journal v. Smith, 687 S.W.2d 729 (Tex. 1985); and Wilcox v. St. Mary's University, 531 S.W. 2d 589, 593 (Tex. 1975). Moreover, the courts are to accept as true, the evidence which tends to support the position of the non-movant. Wilcox, supra at 593; Great American R. Ins. Co., supra at 47.

The Texas Property Code provides that an "instrument that is properly recorded in the proper county is … notice to all persons of the existence of the instrument." Tex. Prop. Code Sec. 13.002.

The trial judge erred in granting Appellee's traditional motion for partial summary judgment since there was an issue whether Appellee had constructive notice of records that raised a question as to the legality of the foreclosure of the

7

property conducted by Appellee's seller and thus, whether Appellee is a bona fide purchaser.

## ARGUMENT

### Issue No. 1

The District Court erred in granting Appellee's Traditional Motion for Partial Summary Judgment on Her Bona Fide Purchaser Affirmative Defense.

Summary judgment evidence must be admissible under the rules of evidence. United Blood Servs v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). That is, facts must be proved by the same type of evidence that would be introduced at trial, except that the facts are proven by affidavits, depositions, interrogatories, and other discovery, rather than by oral testimony. Travis Cty v. Pelzel & Assocs., 77 S.W.3d 246 (Tex. 2002).

The motion for summary judgment submitted by Appellee was a traditional motion for partial summary judgment (CR, P. 38-67). The only evidence Appellee submitted in support of her motion for partial summary judgment is her deposition. (CR, P. 42-67). In her deposition, Appellee essentially states that she did not personally conduct any investigation as to the title of the property she was purchasing. (CR, P. 49). Appellee did however purchase title insurance on the property. (CR, P. 54).

The trial court may not grant a summary judgment when the movant's summary judgment evidence is legally insufficient. City of Houston v. Clear

8

Creek Basin Authority, 659 S.W. 2nd 671, 678 (Tex. 1979). Moreover, the Texas

Supreme Court held in City of Houston v. Clear Creek Basin Authority:

> "Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right."
> at P. 678.

A bona fide purchaser is one who acquires property in good faith, for value,

and without notice, constructive or actual, of any third party interest or claim.

Noble Mortgage & Investments, LLC v. D 7 M Vision Investments, LLC, 340

S.W. 3d 65, 75, (Tex. App.-Houston [1st Dist] 2011). Notice sufficient to defeat a

bona fide purchaser status may be actual or constructive. Noble, 340 S.W.3d at P.

76. Actual notice rests on personal information or knowledge. Noble, 340 S.W.3d

at P. 76. Constructive notice is notice the law imputes to a person not having

personal information or knowledge. Noble, 340 S.W.3d at P. 76. Constructive

notice creates an irrebuttable presumption of actual notice in some circumstances.

Noble, 340 S.W.3d at P. 76. The Texas Property Code provides that an

"instrument that is properly recorded in the proper county is ... notice to all

persons of the existence of the instrument." Tex. Prop. Code Sec. 13.002; Aston

Meadows, LTD. v. Devon Energy Production Company, L.P., 359 S.W.3d

857,859 ( Tex App- Forth Worth, 2012). Recorded instruments in a grantee's

chain of title generally establish an irrebuttable presumption of notice. Aston, 359

S.W.3d at P. 859. Courts have held that real property records can constitute

constructive notice. <u>Aston,</u>  359 S.W.3d at P. 859. The court in  <u>Hahn v. Love,</u> 321 S.W.3d 517, 527 (Tex. App.-Houston [1st Dist] 2009) stated:

> "A transferee who takes property with knowledge of such facts as would excite the suspicions of a person of ordinary prudence and put him on inquiry of the fraudulent nature of an alleged transfer does not take the property in good faith and is not a bona fide purchaser." at P. 527.

The general rule of law is that a purchaser is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims. <u>Aston,</u>  359 S.W.3d at P. 859.  Moreover, purchasers are charged with knowledge of the provisions of recorded instruments that form an essential link in their chain of ownership. <u>Herman v. Shell Oil Company,</u>  93 S.W.3d 605, 608 ( Tex. App.-Houston [14th Dist] 2002).  When a fact is recited in a recorded instrument which is sufficient to put a prudent person on inquiry, the purchaser is charged with notice of  facts which might have been ascertained by a proper inquiry.  <u>Tuggle  v. Cooke,</u> 277 S.W.2d 729, 732 (Civ. App.-Forth Worth, 1955, ref. n.r.e.).

The question of whether a party has notice is a  fact question for the trier of fact  to decide; it becomes a question of law only when there is no room for ordinary minds to differ as to the proper conclusion to be drawn from the evidence. <u>Hahn,</u> 321 S.W.3d  at P. 527.  The general rule of law is that "fraudulent transfer and bona fide purchaser status are generally questions for the  trier of  fact  that are inappropriate for summary judgment." <u>Hahn,</u> 321 S.W.3d at P. 527.

The record establishes that prior to Appellee's purchased of her one-half (1/2) undivided interest in the property, that the following documents were filed prior to January 9, 2008 and were of record in the Hays County Deed Records: the Collateral Transfer of Note (Security Agreement) (CR P. 16-25); Consent of Secured Party (CR P. 119-124); Release of Collateral Transfer of Note (CR P. 126-131); and Substitute Trustee's Deed. (CR P. 34-35). The foregoing recorded documents clearly form an essential link in Appellee's chain of ownership. Herman, 93 S.W.3d at P. 608.The foregoing recorded documents clearly raised and put Appellee on notice of questions and suspicions regarding the legality of the foreclosure where Appellee's seller, John Kimbro acquired and purchased the property. (CR P. 34-35). It is clear that a proper investigation of the Hays County Deed Records would have disclosed the aforementioned four (4) documents filed of record and hence, raise "the suspicions of a person of ordinary prudence" regarding the title and ownership of the property being sold by John Kimbro. Furthermore, since the Collateral Transfer of Note (Security Agreement) (CR P. 16-25); Consent of Secured Party (CR P. 119-124); Release of Collateral Transfer of Note (CR P. 126-131); and Substitute Trustee's Deed (CR P. 34-35) were properly recorded in Hays County Deed Records, it is notice to all persons including Appellee of the existence of said instruments. Sec. 13.002, Tex. Prop. Code. It has been held that "Recorded instruments in a

11

grantee's chain of title generally establish an irrebuttable presumption of notice." Aston, 359 S.W.3d at P. 859.

In reference to whether Appellee had notice of Appellant's interest and/ or claim to the property, the Substitute Trustee's Deed makes reference to Appellant as the "Grantor under the Deed of Trust dated November 15, 2007". (CR P. 34-35). Therefore, should an issue arise as to the legality of the foreclosure, Appellant would be the party to raise such an issue and challenge such foreclosure through a lawsuit.

Notwithstanding the foregoing four (4) recorded documents, clearly the Collateral Transfer of Note (Security Agreement) which was filed and recorded with the Hays County Deed Records on December 27, 2006 (CR P. 16-25) would raise "suspicions" of John Kimbro's ownership and right to sell and transfer title to the property. Said Collateral Transfer of Note (Security Agreement) was filed more than two (2) years prior to Appellee's purchase on January 9, 2008 of her undivided one-half (1/2) interest in the property. (CR P. 38). Pursuant to the Collateral Transfer of Note (Security Agreement)- "The Debtor has GRANTED, SOLD and CONVEYED and by these presents does GRANT, SELL and CONVEY all of Debtor's present and hereafter acquired right, title and interest, in and to the Land, unto John C. Hambrick, Trustee for the benefit of the Secured

Party…" (CR P. 20). The Debtor as defined in said Collateral Transfer of Note (Security Agreement) is John Kimbro (CR P. 16), Appellee's seller.

It is evident that Appellee submitted no evidence through any documentation to establish that as a matter of law she was entitled to a summary judgment. Moreover, Appellee's only summary judgment evidence, i.e., her deposition, is legally insufficient to support the granting of Appellee's motion for partial summary judgment.

## CONCLUSION

The aforementioned authorities, arguments and record before the Court of Appeals clearly establish that the trial judge erred in granting Appellee's traditional motion for partial summary judgment since the summary judgment evidence was legally insufficient to support the granting of the motion for partial summary judgment. Accordingly, the summary judgment rendered in the case at bar should be reversed and set aside, and a new trial granted.

## PRAYER

Appellant respectfully prays that this Court reverse and set aside the summary judgment entered by the trial judge, and render an order remanding this case to the trial court for a new trial.

Respectfully submitted,

LAW OFFICES OF ARTHUR G. VEGA
419 S. Main, Suite 301
San Antonio, Texas 78204
Telephone:  (210) 224-8888
Facsimile:   (210) 225-7751
E-mail: artavega@yahoo.com

/s/  Arthur G. Vega
ARTHUR G. VEGA
State Bar No. 20533600

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th  day of   April, 2015, I electronically filed the foregoing  Appellant's  Brief  with the Clerk of the Court using the CM/ECF filing system  which will send notification of such filing  to the Attorney for Appellee,  Mr.  Andrew Oliver, OLIVER LAW OFFICE,  9951 Anderson Mill Road, Suite 201, Austin, Texas 78750

/s/ Arthur G. Vega
ARTHUR G.  VEGA

## CERTIFICATE OF COMPLIANCE

In pursuance to Rule 9.4(i)(3), Texas Rules of Appellate Procedure, I hereby certify that this brief contains 3,044 words.

/s/ Arthur G. Vega
ARTHUR G. VEGA

# **APPENDIX**

## TABLE OF CONTENTS

Page

Order Granting Defendant Jean Penick Spiller's
     Traditional Motion for Partial Summary Judgment .................. 1-2

Order Granting Defendant Jean Penick Spiller's
     Motion to Sever ...…............................................... 3-4

16

CAUSE NO. 08-0128

| | | |
|---|---|---|
| AVALON INVESTMENTS, LLC | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | 207th JUDICIAL DISTRICT |
| | § | |
| JOHN KIMBRO, | § | |
| Defendant | § | HAYS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT JEAN PENICK SPILLER'S TRADITIONAL MOTION FOR PARTIAL SUMMARY JUDGMENT

On November 6, 2013, the Court considered Defendant Jean Penick Spiller's Traditional Motion for Partial Summary Judgment On Her Bona Fide Purchaser Affirmative Defense. Plaintiff Avalon Investments, LLC and Defendant Jean Penick Spiller appeared by and through their attorneys and announced ready. Having considered the Motion, Plaintiff's Response thereto, Defendant Jean Penick Spiller's Reply to Plaintiff's Summary Judgment Response, the arguments of counsel, and the pleadings and other matters on file in this lawsuit, the Court is of the opinion that Defendant Jean Penick Spiller's Traditional Motion for Partial Summary Judgment On Her Bona Fide Purchaser Affirmative Defense should be in all respects granted.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiff Avalon Investments, LLC does hereby take nothing on Plaintiff's claims in this lawsuit against Defendant Jean Penick Spiller or her interest in the property described in that certain General Warranty Deed filed for record in Volume 3317 at Page 19 of the Official Public Records of Hays County, Texas ("Property").

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that the Notice of Lis Pendens filed by Plaintiff under Document Number 80001620 and in Volume 3318 at page 819 of the Official Public Records of Hays County, Texas is of no further force and effect as to the interest of Defendant Jean Penick Spiller in the Property; and said Notice of Lis Pendens is still

000138

in full force and effect as to any right, title, or interest of Defendant, John Kimbro in the Property.

SIGNED this 13th day of August 2014.

_____
JUDGE PRESIDING

SUBMITTED BY:

_____
Andrew Oliver
State Bar No. 24046556
Attorney for Defendant Jean Penick Spiller

APPROVED AS TO
FORM ONLY BY:

_____
Arthur G. Vega
State Bar No. 20533600
Attorney for Plaintiff

2

Page 2

000139

CAUSE NO. 08-0128

| | | |
|---|---|---|
| AVALON INVESTMENTS, LLC | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | 207th JUDICIAL DISTRICT |
| | § | |
| JOHN KIMBRO, | § | |
| Defendant | § | HAYS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT JEAN PENICK SPILLER'S MOTION TO SEVER

On this day the Court considered Defendant Jean Penick Spiller's Motion to Sever. Having considered said Motion, the pleadings, and other matters on file in this lawsuit, as well as the arguments of counsel, if any, the Court is of the opinion that the Motion should be in all respects granted.

IT IS THEREFORE ORDERED that the claims by and between Plaintiffs Avalon Investments, LLC, and Defendant Jean Penick Spiller shall be severed into a separate cause and that the Hays County District Court shall assign the following cause number to the severed cause: _08-0128-A_ (hereinafter referred to as the "Severed Cause").

IT IS FURTHER ORDERED that the Hays County District Court shall file copies of the following items in this cause in the Severed Cause:

1. Plaintiff's Fourth Amended Original Petition filed on October 27, 2010.

2. Defendant Jean Penick Spiller's First Amended Original Answer filed on January 8, 2013.

3. Defendant Jean Penick Spiller's Traditional Motion for Partial Summary Judgment on Her Bona Fide Purchaser Affirmative Defense filed on or about July 31, 2013.

4. Plaintiff's Response to Defendant Jean Penick Spiller's Traditional Motion for

Page 3

000143

Partial Summary Judgment on Her Bona Fide Purchaser Affirmative Defense filed on or about September 12, 2013.

5.     Defendant Jean Penick Spiller's Reply to Plaintiff's Summary Judgment Response filed on or about September 19, 2013.

6.     Letter from Arthur Vega to the Court dated November 13, 2013.

7.     Letter from Andrew Oliver to the Court dated November 18, 2013.

8.     Letter from Court dated April 30, 2014.

9.     Order Granting Defendant Jean Penick Spiller's Traditional Motion for Partial Summary Judgment filed on August 14, 2014.

10.     Defendant Jean Penick Spiller's Motion to Sever filed on September 17, 2014.

11.     This Order Granting Defendant Jean Penick Spiller's Motion to Sever.

IT IS FURTHER ORDERED that upon being filed in the Severed Cause, the Order Granting Defendant Jean Penick Spiller's Traditional Motion for Partial Summary Judgment shall be treated as a final judgment for all purposes.

SIGNED this 23 day of October, 2014.

_____
JUDGE PRESIDING

Page 4

000144